UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-21454-GAYLES

ECOSERVICES, LLC,
    Plaintiff/Counter-Defendant,

v.

CERTIFIED AVIATION SERVICES, LLC,
    Defendant/Counter-Plaintiff.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant/Counter-Plaintiff Certified Aviation Services, LLC's Motion to Transfer Venue to the Central District of California [ECF No. 25], pursuant to 28 U.S.C. § 1404(a). The Court has carefully reviewed the briefs, the record in this case, and the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the motion shall be granted.

**I.    BACKGROUND**

Plaintiff/Counter-Defendant EcoServices, LLC ("EcoServices"), alleges in this patent infringement action that Defendant/Counter-Plaintiff Certified Aviation Services, LLC ("CAS"), infringed U.S. Patent Nos. 9,162,262 (the "'262 Patent"), 8,197,609 (the "'609 Patent"), and 5,868,860 (the "'860 Patent") (collectively, the "Asserted Patents"). EcoServices "provides an on-wing aircraft engine washing system under the brand and registered trademark EcoPower Engine Wash System," which it describes as "a revolutionary system and method for cleaning aircraft engines," that is protected by numerous patents worldwide, including the Asserted Patents. Compl. ¶¶ 2-3. In its Complaint, EcoServices alleges that CAS is infringing on the Asserted Patents by using a system called Cyclean Engine Wash ("Cyclean") to clean aircraft engines. *Id.* ¶ 4. In its Answer and Counterclaims, CAS asserts non-infringement and invalidity of the Asserted Patents.

In the instant motion, CAS argues that the Central District of California is a more convenient forum for several reasons: (1) CAS's headquarters and allegedly infringing activities are concentrated in that District; (2) the evidence and witnesses are concentrated in that District; (3) none of CAS's witnesses or evidence are located in the Southern District of Florida; and (4) EcoServices' only alleged connection to the Southern District of Florida is through a third-party franchisee located here. In response, EcoServices argues that (1) its choice of forum should be accorded considerable deference, (2) the inconvenience of witnesses does not outweigh the choice of forum, and (3) the location of documents and evidence does not favor transfer.

## II. DISCUSSION

The statute governing venue transfer, 28 U.S.C. § 1404(a), provides, in relevant part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." This analysis requires a two-pronged inquiry. First, a court must determine whether the case may have been brought in the desired district of transfer. *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). This question depends on whether CAS is subject to jurisdiction in California, whether venue is appropriate in the Central District of California, and whether CAS is amenable to service of process in California. *See id.* Because the parties do not dispute that this action could have been brought in the Central District of California, the Court turns to a discussion of the second prong.

"Once a court finds an action could have been brought in the transferee forum, the court must weigh various factors . . . to determine if a transfer . . . is justified." *Elite Advantage, LLC v. Trivest Fund, IV, L.P.*, No. 15-22146, 2015 WL 4982997, at *5 (S.D. Fla. Aug. 21, 2015) (citation and internal quotation marks omitted). The Eleventh Circuit instructs that a district court should

consider the following list, albeit nonexhaustive, of private and public interest factors to determine whether a transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

### A. *Plaintiff's Choice of Forum and Locus of Operative Facts/"Center of Gravity"*

As this Court has previously explained in ruling on a motion to transfer in another patent infringement action:

> The movant seeking a venue transfer has the burden to establish that a transfer is warranted, and a plaintiff's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Elite Advantage LLC v. Trivest Fund, IV, L.P.*, No. 15-22146, 2015 WL 4982997, at *5 (S.D. Fla. Aug. 21, 2015) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)) (internal quotation marks omitted). However, "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Cellularvision* [*Tech. & Telecomms., L.P. v. Alltel Corp.*], 508 F. Supp. 2d [1186,] 1189 [(S.D. Fla. 2007)] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). Furthermore, courts accord plaintiffs less deference "when the operative facts underlying the action occurred outside the district chosen by the plaintiff." *Moghaddam v. Dunkin Donuts, Inc.*, No. 02-60045, 2002 WL 1940724, at *3 (S.D. Fla. Aug. 13, 2002).

*Filtalert Corp. v. IBM Corp.*, No. 15-22845, 2015 WL 9474640, at *6 (S.D. Fla. Dec. 29, 2015).

Regarding the "center of gravity," this Court stated:

> "Several district courts have held that the 'center of gravity' for a patent infringement case is [the place] where the accused product was designed and developed." *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (citations, internal quotation marks, and footnote omitted) (citing *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877, 2009 WL 455432, at *2-3 (S.D. Fla. Feb. 23, 2009)). "The district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production. For that reason, district courts may disregard plaintiff's choice of forum in cases involving

claims of patent infringement." *Trace-Wilco, Inc.*, 2009 WL 455432 at *2-3 (citations and internal quotation marks omitted).

*Id.* at *5. At bottom, "in intellectual property infringement suits, which often focus on the activities of the alleged infringer, its employees, and its documents . . . [,] the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions." *Trace-Wilco, Inc.*, 2009 WL 455432, at *3 (quoting *Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1044 (S.D. Tex. 2007)) (internal quotation marks omitted).

In its Complaint, EcoServices alleges that it is a Delaware limited liability company headquartered in Connecticut. Compl. ¶ 5. Therefore, because the Southern District of Florida is not EcoServices' home forum, and because this is a patent infringement action, no deference is due EcoServices' choice of forum, let alone the "considerable" deference EcoServices contends it is due. *See Cellularvision*, 508 F. Supp. 2d at 1189; *Trace-Wilco, Inc.*, 2009 WL 455432, at *3.

As for CAS's argument that the "center of gravity" is the Central District of California and, as such, this factor should weigh *in favor* of transfer, according to the Declaration of Mark Lee, CAS's Chairman:

(1) CAS is a Delaware limited liability company with its principal place of business in Ontario, California, which is located in San Bernadino County, which is within the Eastern Division of the Central District of California;

(2) CAS performs engine washes using the Cyclean system at four locations in the United States, two of which are located within the Central District of California (Los Angeles International Airport ("LAX") and Ontario International Airport ("ONT"));

(3) the majority of CAS's Cyclean washes have occurred at LAX and ONT;

(4) since 2010, CAS has generated 81% of its total Cyclean revenue at LAX and ONT;

4

(5) CAS maintains two fully operational Cyclean systems at LAX for use at both LAX and ONT;

(6) CAS has provided only one Cyclean wash in this district, at Miami International Airport on September 14, 2011, as a demonstration for a prospective customer who ultimately did not purchase the service;

(7) that single wash provided in Miami predates the issuance of both the '609 Patent and the '262 Patent;

(8) CAS maintains no Cyclean equipment in this District or in Florida; and

(9) CAS does not offer or market Cyclean services in Florida.

*See* Lee Decl. ¶¶ 2, 12-20. EcoServices provides no argument in opposition on this factor; thus, based on CAS's proffer, the Court has no choice but to find that the center of gravity in this litigation is in the Central District of California. *See Guzman v. City of Hialeah*, No. 15-23985, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in [its] responsive brief, fails to address [its] obligation to object to a point raised by the defendant implicitly concedes the point."). Therefore, the Court finds that these factors favor transfer.

### B. *Convenience of Witnesses*

"The convenience of witnesses is probably the single most important factor in transfer analysis." *Filtalert*, 2015 WL 9474640, at *2 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)). "A district court should assess the relevance and materiality of the information each witness may provide, but a defendant need not specify exactly what testimony each witness might offer or otherwise identify 'key witnesses.'" *Capella Photonics, Inc. v. Cicso Sys., Inc.*, Nos. 14-20529 et al., 2014 WL 3673314, at *4 (S.D. Fla. July 23, 2014). CAS contends that nearly all of its likely witnesses work at its headquarters in the Central District of California (with one witness splitting his time between that District and Alabama): its Chairman and its "employees

responsible for and knowledgeable about the technical details and operation of Cyclean, financial and sales data relating to Cyclean, and the marketing of Cyclean." Def.'s Mot. at 11 (citing Lee Decl. ¶¶ 8-10). Given that EcoServices is not located within the Southern District of Florida and has not identified any witnesses located here, this alone weighs in favor of transfer. *See Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1274 (S.D. Fla. 2014) ("When one set of witnesses 'will be required to travel a significant distance no matter where they testify . . . [and] there are a substantial number of witnesses residing in the transferee venue who would be unnecessarily inconvenienced by having to travel away from home[,]' this factor should favor transfer." (quoting *In re Genentech*, 566 F.3d at 1344)).

EcoServices' argument, regarding third-party witnesses located in Europe, that "[c]learly, traveling from . . . Europe to Miami is more convenient that traveling to Los Angeles," Pl.'s Opp'n at 6, is a nonstarter. "[W]itnesses from Europe will be required to travel a significant distance no matter where they testify," thus courts should not give any significant weight to "the inconvenience of . . . European witnesses." *In re Genentech*, 566 F.3d at 1344.

The Court concludes that the convenience of witnesses favors transfer.

  **C.**  *Location of Relevant Documents and Ease of Access to Sources of Proof*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). However, as this Court previously explained, "given that the electronic storage and transfer of documents between litigants has become the norm, many courts find that the location of relevant documents should be given little weight in the transfer analysis." *Filtalert*, 2015 WL 9474640, at *3 (citing *Microspherix LLC v. Biocompatibles, Inc.*, No. 11-80813, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012) ("In a world with fax machines, copy machines, email, overnight shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant.")).

But the sources of proof in this case are not limited solely to easily transferrable documents. While the patent at issue in *Filtalert* dealt with a system for filtering air going into a computer, here EcoServices has claimed infringement against a system that washes jet engines, a system much larger in scale and much more difficult to transport than an air filtering system. As CAS has pointed out, should the case require inspection of the Cyclean system or the interaction of the system with jet engines, it would be far more convenient to inspect the system or the interaction at CAS's headquarters in the Central District of California than it would in this District, where CAS keeps no Cyclean systems. Therefore, the Court finds that this factor also weighs in favor of transfer.

### D.     *Trial Efficiency and the Interests of Justice*

The Court has already established that both parties in this litigation have nearly no ties to this District, and "[c]itizens in the Southern District of Florida have little interest in disputes between foreign business and normally should not be burdened by the litigation." *Cellularvision*, 508 F. Supp. 2d at 1192. By contrast, "while Plaintiff has no ties to Florida, Defendants' home forum is located in the [transferee district], which provides that forum with a significant interest in the instant action." *ShadeFX Canopies, Inc. v. Country Lane Gazebos, LLC*, No. 13-80239, 2013 WL 9827411, at *4 (S.D. Fla. June 14, 2013).

EcoServices' sole contention on this factor is that "the Parties and Court hav[e] already established case deadlines, a trial schedule, and discovery and disclosure obligations. Indeed, discovery in this case is underway." Pl.'s Opp'n at 8. The entry of a scheduling order alone is not sufficient grounds to deny a transfer motion, especially in a case that was initiated only four months ago, where the parties have exchanged only initial disclosures, and where the trial date is not set to begin until March 2018. Nothing is keeping the parties from continuing discovery apace, and nothing is stopping the parties from requesting the exact same or substantially similar deadlines of the transferee court. Considering that, as well as the lack of ties to this District and the fact that

7

this District "has one of the busiest dockets in the country," *id.* (quoting *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003)), the Court concludes that factor also weighs in favor of transfer.

* * *

By stating that "the remaining factors are neutral," Pl.'s Opp'n at 8, EcoServices necessarily concedes that none of these factors (convenience of the parties, availability of process to compel the attendance of unwilling witnesses, relative means of the parties, and familiarity with the governing law) could potentially weigh against transfer. Because the Court has found that each of the factors outlined above weighs in favor of transfer, even assuming *arguendo* that the remaining factors are neutral (rather than weighing in favor of transfer, as well), the Court concludes that the private and public interest factors, on the whole, weigh in favor of transfer to the Central District of California.

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Transfer Venue [ECF No. 25] is **GRANTED**. This action is **TRANSFERRED** in its entirety to the United States District Court for the Central District of California, Eastern Division.

This action is **CLOSED** in this District.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of August, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE