# Exhibit D

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/347,017 | 01/10/2012 | Per G. Alvestig | PA0017092U-E273.12-775KL | 9536 |

164          7590          04/09/2015
KINNEY & LANGE, P.A.
THE KINNEY & LANGE BUILDING
312 SOUTH THIRD STREET
MINNEAPOLIS, MN 55415-1002

| EXAMINER |
|---|
| OSTERHOUT, BENJAMIN LEE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1711 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/09/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

uspatdocket@kinney.com
smkomarec@kinney.com

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | Application No.<br>13/347,017 | Applicant(s)<br>ALVESTIG ET AL. |
|---|---|---|
| | Examiner<br>BENJAMIN L. OSTERHOUT | Art Unit<br>1711 | AIA (First Inventor to File)<br>Status<br>No |

*The table above includes a fourth column for AIA Status.*

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --**

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>27 March 2015</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☒ This action is **FINAL**.   2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☒ Claim(s) <u>1-8 and 10-15</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>1-8 and 10-15</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**
  a) ☐ All   b) ☐ Some**   c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
  Paper No(s)/Mail Date <u>20150204</u>.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 13/347,017                                          Page 2

Art Unit: 1711

## DETAILED ACTION

1.      The present application is being examined under the pre-AIA first to invent

provisions.

### *Claim Rejections - 35 USC § 112*

2.      The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a)  IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same,  and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

3.      Claims 1-8 and 10-15 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-

AIA), first paragraph, as failing to comply with the written description requirement.  The

claim(s) contains subject matter which was not described in the specification in such a

way as to reasonably convey to one skilled in the relevant art that the inventor or a joint

inventor, or for pre-AIA the inventor(s), at the time the application was filed, had

possession of the claimed invention.  The claims now recite "an information node"

wherein said claim language cannot be found in the specification.

Application/Control Number: 13/347,017                                    Page 3
Art Unit: 1711

## *Response to Arguments*

4.      Examiner has carefully and thoroughly reviewed Applicant's arguments in support of patentability, however, Examiner remains unconvinced.

5.      Applicant's primary argument is that the term information node is synonymous with the language in the specification regarding information detector and that the MPEP does not require in haec verba, i.e. the claims are not required to have the exact same language as the specification.

6.      Examiner disagrees.  Examiner finds the term information node to be far broader than the original disclosure of the specification with respect to information detector.  A detector is a device or instrument designed to detect the presence of something and to emit a signal in response wherein a node is a central or connecting point.  The breadth of node is far greater and encompassing.

7.      It is well held legal principle in patent law that if a feature broadly described in a later claim was defined narrowly in the original specification, the species disclosure will not be sufficient to claim the genus.  See *ICU Med., Inc. v. Alaris Med. Sys. Inc.*, 558 F. 3d 1368, 1378 (Fed Cir. 2009).  In the remarks, Applicant states that the information detector as described in the specification is an embodiment of the information node as later claimed.  This clearly shows that Applicant taught the species in the specification and is now later trying to claim the genus.  Therefore, there exists a written description 35 USC 112 rejectable issue.

Application/Control Number: 13/347,017                                     Page 4
Art Unit: 1711

### *Conclusion*

8.      **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to BENJAMIN L. OSTERHOUT whose telephone number

is (571)270-7379.  The examiner can normally be reached on Monday-Thursday

8:30am-3:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Mike Barr can be reached on (571)272-1414.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 13/347,017                                    Page 5

Art Unit: 1711

      Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

BLO

/MICHAEL BARR/

Supervisory Patent Examiner, Art Unit 1711

RESPONSE UNDER 37 CFR 1.116
EXPEDITED PROCEDURE
EXAMINING GROUP 1700

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| First Named Inventor | : | Per G. Alvestig | Confirmation No.: 9536 |
|---|---|---|---|
| Appln. No. | : | 13/347,017 | |
| Filed | : | January 10, 2012 | Group Art Unit: 1711 |
| Title | : | AUTOMATED DETECTION AND CONTROL SYSTEM AND METHOD FOR HIGH PRESSURE WATER WASH APPLICATION AND COLLECTION APPLIED TO AERO COMPRESSOR WASHING | Examiner: Osterhout, Benjamin Lee |
| Docket No. | : | PA0017092U-E273.12-775KL | |

# AMENDMENT AFTER FINAL

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**FILED VIA EFS-WEB**
**May 22, 2015**

## <u>INTRODUCTION</u>

This is in response to the final Office Action dated April 9, 2015.  Please amend the above-identified application as follows:

First Named Inventor: Per G. Alvestig                         Application No.: 13/347,017

-2-

## AMENDMENTS TO THE CLAIMS

Please amend claims 1, 6, 10, 11, 14 and 15, such that the status of the claims is as follows:

1. (Currently Amended) A system for washing turbine engines comprising:

  a washing unit for providing a washing liquid to the turbine engines;

  an information ~~node~~ detector configured to gather information related to engine type; and

  a control unit configured to accept the information related to engine type from the information ~~node~~ detector and to determine a washing program to be used as a function of the information relating to engine type from a set of preprogrammed washing programs, and further configured to regulate the washing unit according to washing parameters associated with the washing program used.


2. (Original)   The system of claim 1, wherein the washing unit further comprises

  a manifold comprising one or more tubes;

  a pumping system for providing pressurized washing liquid to the manifold, with the pumping system comprising a pump and one or more valves;

  one or more nozzles, one each connected to one end of the one or more tubes; and wherein the control unit regulates the pumping system.


3. (Original)   The system of claim 2, further comprising

  a hose for connecting the manifold to the pumping system, wherein the pumping system configured to provide forty (40) to eighty (80) bar pressurized washing liquid, and wherein the one or more valves is configured for use in regulating the flow of the pressurized washing liquid.


4. (Original)   The system of claim 3, wherein the control unit is further configured to regulate the flow of pressurized washing liquid.

First Named Inventor: Per G. Alvestig                              Application No.: 13/347,017

-3-

5. (Original)   The system of claim 4, further comprising an information unit connected to the manifold for providing information relating to said manifold.

6. (Currently Amended) The system of claim 5, wherein the information ~~node~~ <u>detector</u> comprises an information detector for reading information provided by the information unit, and for providing said information to the control unit.

7. (Original)   The system of claim 6, wherein the information unit is a manifold identification unit for providing information related to the manifold's type.

8. (Original)   The system of claim 7, wherein the information unit is a radio-frequency identification (RFID) unit, and wherein the information detector is a RFID reader.

9. (Canceled)

10. (Currently Amended) The system of claim 1, wherein the information provided by the information ~~node~~ <u>detector</u> is used by the control unit to regulate a washing time.

11. (Currently Amended) The system of claim 10, wherein the information provided by the information ~~node~~ <u>detector</u> is used by the control unit to select a washing liquid type.

12. (Original)  The system of claim 10, wherein the control unit is a programmed logic controller (PLC), said PLC being configured to washing preparation, washing delivery, fouling collection, used washing liquid treatment, and overall washing effectiveness for use in future optimization of a washing process.

13. (Original)  The system of claim 12, further comprising a temperature sensor in communication with the control unit for measuring a temperature of washing liquid, the control unit using the measured temperature for regulating a washing procedure.

First Named Inventor: Per G. Alvestig                    Application No.: 13/347,017

-4-

14. (Currently Amended) A system for washing turbine engines comprising:

a washing unit for providing a washing liquid to the turbine engines;

an information ~~node~~ <u>detector</u> configured to provide information identifying at least one of manifold configuration, expected fouling composition, solution capability, geographic use and engine mission usage; and

a control unit configured to regulate the washing unit according to washing parameters based upon preprogrammed control data relating to information provided by the information ~~node~~ <u>detector</u>, wherein the preprogrammed control data comprises a washing program from a set of available washing programs.

15. (Currently Amended) A system for washing turbine engines comprising:

a washing unit for providing a washing liquid to the turbine engines;

an information ~~node~~ <u>detector</u> for providing information identifying at least one of washing unit and engine type; and

a control unit configured to regulate the washing unit according to washing parameters associated to a particular engine based upon preprogrammed control data relating to information provided by the information ~~node~~ <u>detector</u>, wherein the preprogrammed control data comprises a washing program from a set of available washing programs.

First Named Inventor: Per G. Alvestig                                   Application No.: 13/347,017

-5-

## REMARKS

In the Office Action sent April 9, 2015, claims 1-8 and 10-15 were rejected.  Those claims are presented for reconsideration, and all of the rejections are respectfully traversed.

### Interview Summary

A telephonic interview was conducted on May 20, 2015 between Austen Zuege, counsel for Applicant, and Examiner Benjamin Osterhout.  The "written description rejections under 35 U.S.C. §112, ¶1 were discussed.  Mr. Zuege mentioned *Bilstad v. Wakalopulos*, 386 F.3d 1116 (Fed. Cir. 2004) regarding the standard for assessing written description compliance under §112, ¶1, and also pointed out the embodiments disclosed in the original Specification of the present application.  For the reasons discussed, Mr. Zuege argued that the term "information node" had sufficient written description support in the original Specification for the predictable arts.  Examiner Osterhout indicated that subject matter in the claims would be patentable over the prior art of record if the written description rejections were overcome.  Examiner Osterhout suggested that the present amendments be submitted with an AFCP 2.0 request, and he would consult his supervisor further regarding the claim language in question.  No final agreement regarding the status of the claims was reached.

### Claim Rejections - 35 U.S.C. §112, ¶1

Claims 1-8 and 10-15 were rejected under 35 U.S.C. §112, ¶1 as allegedly failing to comply with the "written description" requirement due to the use of the term "information node" in the claims.

As suggested by Examiner Osterhout, the claims have presently been amended to replace the term "information node" with "information detector".  Applicant asserts that the term "information detector" encompasses all the disclosed embodiments, including applications in which the "information detector" is a stand-alone device or integrated into circuitry that also provides the recited "control unit".

In view of the amendments to claims 1, 6, 10, 11, 14 and 15, the "written description" rejections for all of claims 1-8 and 10-15 are overcome.  Those rejections should accordingly be withdrawn.  Notification to that effect is respectfully requested.

First Named Inventor: Per G. Alvestig                     Application No.: 13/347,017

-6-

## Conclusion

All of the pending claims are in condition for allowance.  The Examiner is invited to contact the undersigned at the telephone number below if doing so would in any way facilitate examination.  The Commissioner is hereby authorized to charge any additional fee required under 37 C.F.R. §§1.16 and 1.17, or credit any overpayment, to Deposit Account No. 11-0982.


Respectfully submitted,

KINNEY & LANGE, P.A.


Date: May 22, 2015                   By: /Austen Zuege/
                                     Austen Zuege, Reg. No. 57,907
                                     THE KINNEY & LANGE BUILDING
                                     312 South Third Street
                                     Minneapolis, MN 55415-1002
                                     Telephone: (612) 339-1863
                                     Fax: (612) 339-6580

AZ:kmm



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 164 | 7590 | 06/29/2015 |

KINNEY & LANGE, P.A.
THE KINNEY & LANGE BUILDING
312 SOUTH THIRD STREET
MINNEAPOLIS, MN 55415-1002

| EXAMINER |
|---|
| OSTERHOUT, BENJAMIN LEE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1711 | |

DATE MAILED: 06/29/2015

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/347,017 | 01/10/2012 | Per G. Alvestig | PA0017092U-E273.12-775KL | 9536 |

TITLE OF INVENTION: AUTOMATED DETECTION AND CONTROL SYSTEM AND METHOD FOR HIGH PRESSURE WATER WASH APPLICATION AND COLLECTION APPLIED TO AERO COMPRESSOR WASHING

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 09/29/2015 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.  THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT.  SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED</u>.  SEE 35 U.S.C. 151.  THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION.  IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** **Mail**    Mail Stop ISSUE FEE
                                        Commissioner for Patents
                                        P.O. Box 1450
                                        Alexandria, Virginia 22313-1450
     **or Fax**    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

164        7590        06/29/2015

KINNEY & LANGE, P.A.
THE KINNEY & LANGE BUILDING
312 SOUTH THIRD STREET
MINNEAPOLIS, MN 55415-1002

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

                                  (Depositor's name)

                                  (Signature)

                                  (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/347,017 | 01/10/2012 | Per G. Alvestig | PA0017092U-E273.12-775KL | 9536 |

TITLE OF INVENTION: AUTOMATED DETECTION AND CONTROL SYSTEM AND METHOD FOR HIGH PRESSURE WATER WASH APPLICATION AND COLLECTION APPLIED TO AERO COMPRESSOR WASHING

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 09/29/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| OSTERHOUT, BENJAMIN LEE | 1711 | 134-16600R |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2.** For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)**

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                           (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

**4a. The following fee(s) are submitted:**
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status (from status indicated above)**

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____      Date _____

Typed or printed name _____      Registration No. _____

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.      OMB 0651-0033      U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/347,017 | 01/10/2012 | Per G. Alvestig | PA0017092U-E273.12-775KL | 9536 |

164        7590        06/29/2015
KINNEY & LANGE, P.A.
THE KINNEY & LANGE BUILDING
312 SOUTH THIRD STREET
MINNEAPOLIS, MN 55415-1002

| EXAMINER |
|---|
| OSTERHOUT, BENJAMIN LEE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1711 | |

DATE MAILED: 06/29/2015

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No. 13/347,017 | Applicant(s) ALVESTIG ET AL. | |
|---|---|---|---|
| | Examiner BENJAMIN L. OSTERHOUT | Art Unit 1711 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *After Final filed 22 May 2015*.

   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-8 and 10-15*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a) ☐ All   b) ☐ Some   *c) ☐ None of the:

   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____.

   Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
   **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/MICHAEL BARR/
Supervisory Patent Examiner, Art Unit 1711

Application/Control Number: 13/347,017                                         Page 2

Art Unit: 1711

## DETAILED ACTION

1.      The present application is being examined under the pre-AIA first to invent

provisions.

### *Reasons for Allowance*

2.      The following is an Examiner's statement of reasons for allowance: the prior art

fails to teach or disclose the limitations of claims 1, 14 and 15, claiming a system for

washing turbine engines comprising: a washing unit; an information detector configured

to provide/gather information related to engine type; manifold configuration, expected

fouling composition, solution capability, geographic use and engine mission usage; or

washing unit and engine type; and a control unit to regulate the washing unit according

to washing parameters associated to a particular engine based upon preprogrammed

control date relating to information provided by the information detector, wherein the

preprogrammed control data comprises a washing program from a set of available

washing programs.

3.      The closest prior art of record is that of WIPO Patent Application No. WO

2005/120953 to Hjerpe.  Hjerpe teaches a washing system for washing turbine engines

comprising: a washing unit for providing a washing liquid to the turbine engine; and a

control panel for regulating the washing unit according to washing parameter associated

to a particular engine.  Hjerpe does not teach that an information detector coupled with

the control unit wherein the system may be pre-programmed with the washing

parameters associated to a particular engine based upon engine type; manifold

Application/Control Number: 13/347,017                                                      Page 3
Art Unit: 1711

configuration, expected fouling composition, solution capability, geographic use and

engine mission usage; or washing unit and engine type

4.      The advantage of the current invention over that of the prior art is that each

washing operation may be tailored to the particular engine being cleaned wherein

special consideration may be given to several different parameters detected by the

information detector rather than a one size fits all washing cycle for each engine.


### *Conclusion*

5.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to BENJAMIN L. OSTERHOUT whose telephone number

is (571)270-7379.  The examiner can normally be reached on Monday-Thursday

8:30am-3:30pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Mike Barr can be reached on (571)272-1414.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 13/347,017                                         Page 4
Art Unit: 1711

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

BLO

/MICHAEL BARR/
Supervisory Patent Examiner, Art Unit 1711