Leanna Costantini (SBN 294028)
costantinil@gtlaw.com
GREENBERG TRAURIG LLP
3161 Michelson Drive Suite 1000
Irvine, CA 92612
Telephone: (949) 732-6804
Facsimile: (949) 732-6501

Ronald J. Pabis (admitted *Pro Hac Vice*)
pabisr@gtlaw.com
Stephen K. Shahida (admitted *Pro Hac Vice*)
shahidas@gtlaw.com
Patrick J. McCarthy (admitted *Pro Hac Vice*)
mccarthyp@gtlaw.com
Myomi T. Coad (admitted *Pro Hac Vice*)
coadm@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street NW, Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100
Facsimile: (202) 331-3101

Attorneys for Plaintiff
EcoServices, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ECOSERVICES, LLC,

Plaintiff,

v.

CERTIFIED AVIATION SERVICES, LLC,

Defendant.

Case No. 5:16-cv-01824-RSWL-SPx

Assigned to Hon. Ronald Sing Wai Lew

**PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT**

Complaint Filed: April 22, 2016

Trial Date: June 26, 2018

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## DEFENDANT'S [PROPOSED] UNCONTROVERTED FACTS

## LOCAL RULE 56-1

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| [REDACTED] | Undisputed. |
| [REDACTED] | Undisputed. |
| [REDACTED] | Undisputed. |

1 Case No. 5:16-cv-01824

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
| --- | --- |
| [redacted] | |
| [redacted] | Undisputed. |
| [redacted]. | Undisputed. |
| [redacted] | Undisputed. |
| [redacted] | Disputed as ambiguous as to meaning of |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| [redacted] | "no role" because CAS at least participates in the design of Cyclean by performing washes and providing wash performance feedback.<br><br>*See, e.g.*, Defendant's Motion for Partial Summary Judgment of Non-Infringement of the '262 Patent at 1:14-15 ("Since [redacted] defendant CAS has been LHT's exclusive provider of Cyclean services in the United States."); Ex. 1, CAS004946. |
| [redacted] | Undisputed that counsel for EcoServices did not serve a subpoena to LHT in this case requesting discovery. |
| [redacted] | Disputed to the extent that CAS produced certain discovery bearing LHT's name.<br><br>*See, e.g.*, Ex. 2, CAS000071-000098; Ex. 3, CAS006712; Ex. 4, CAS000172-CAS000187. |
| [redacted] | Disputed to the extent that certain CAS 30(b)(6) witnesses testified regarding |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
| --- | --- |
| [REDACTED] | LHT's role with respect to Cyclean and relationship with CAS.<br><br>*See, e.g.*, Ex. 5, Caban Dep. Tr. at 50:14-51:9 (testifying about [REDACTED] [REDACTED] CAS's primary contact within LHT, as CAS's program manager at LHT for Cyclean). |
| [REDACTED] | Undisputed. |
| [REDACTED] | Undisputed. |
| [REDACTED] | Undisputed. |
| [REDACTED] | Undisputed that the '262 Patent at 3:38-41 discloses the following:<br>"systems for cleaning engines and/or |

4 Case No. 5:16-cv-01824
PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| [redacted] | collecting and recycling used washing liquids provide very versatile and effective cleaning methods that can be arranged on a mobile unit." |
| [redacted] | Undisputed that the '262 Patent at 3:41-43 discloses the following: "however, are all dependent to some extent upon an operator manually making certain adjustments and/or system settings." |
| [redacted]. | Disputed as legal argument and mischaracterization of the '262 Patent which actually states the following at the cited part (3:44-55): "When an aircraft engine is to be washed, for example, an operator is provided with information regarding the engine type and collects a manifold that |

5

Case No. 5:16-cv-01824

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| | is adapted to that engine from a storage place. When in position at the aircraft, the manifold is attached to the inlet of the engine and connected to the washing system. The operator is further provided with information regarding the requirements for washing that particular engine type, such as maximum water flow per time unit and the total amount of washing water. The operator then manually sets the valves to the manifold nozzles in order to obtain the appropriate pressure and flow and keeps track of the washing time." |
| | Disputed as legal argument and mischaracterization of the '262 Patent which actually states the following at the cited part (3:56-64):<br><br>"Since this part of the washing operation is done manually there is always a risk that the human factor jeopardizes the result, and in particular since many engine washing operations |

6 Case No. 5:16-cv-01824
PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
| --- | --- |
| | are performed during night-time when the operators may not be fully alert. If the requirements regarding the particular engine are not followed, the engine may be damaged, leading to a very costly standstill of the aircraft or that the result of the washing procedure is inferior, whereby the benefits of an engine wash are not obtained." |
| [redacted] | Undisputed. |
| [redacted] | Undisputed. |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
| --- | --- |
| [redacted]. | |
| [redacted] | Undisputed that independent claim 1 and dependent claim 9 of the '262 Patent require *inter alia* "an information detector configured to gather information related to engine type."<br><br>Undisputed that independent claim 14 of the '262 Patent requires *inter alia* "an information detector for providing information identifying at least one of washing unit and engine type." |
| [redacted] | Disputed as legal argument and mischaracterization of the '262 Patent which actually states the following at the cited parts (5:56-60):<br><br>"As will be discussed below with reference to FIG. 2, if the particular manifold 10 comprises an information unit 110, then a corresponding information detector 111 is also desirable for reading information provided by the information unit 110, |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
| --- | --- |
| | and for providing this information to a control unit (see FIG. 2, item 112)."<br><br>(6:35-40):<br><br>"Thus, once the hose 105 is connected to the manifold 10, which as discussed above, is configured according to the particular engine type being washed, the information detector 111 obtains particular information identifying the engine 1 type from the information unit 110. This identification is then transmitted to the control unit 112." |
| [REDACTED] | Disputed as legal argument and mischaracterization of the '262 Patent which actually states the following at the cited part (5:38-55):<br><br>"A suitable information unit 110 preferably comprises a radio-frequency identification (RFID) chip or tag. As known to those in the art, an RFID-chip or tag can be described as a small |

9 Case No. 5:16-cv-01824
PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| | microchip that function as transponders, adapted to "listening" for radio signals sent by transceivers (e.g., RFID-reader). When an RFID chip or tag receives a certain radio query, it responds by transmitting its unique identification code and other information, back to the transceiver. One benefit of using RFID chips or tags is that they do not require batteries to operate; instead, they are powered by the radio signals transmitted by transceivers. Although RFID chips or tags are preferred, it should be understood that any suitable information unit 110 may be utilized in accordance with the present invention. Other suitable information units 110 may comprise, for example, bar code labels, optical readers for obtaining pertinent information from the bar code, radio frequency equipment capable of transmitting and receiving information, etc." |

10 Case No. 5:16-cv-01824

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
| --- | --- |
| | Notably, Defendant's cited passage does not discuss the "information detector 111" but instead refers to the unclaimed "information unit 110." |
| [redacted] | Disputed as legal argument and inconsistent with the Court's *Markman* order which already rejected the argument that this idea is definitional.<br><br>*See, e.g.*, ECF No. 80 at 11:26-12:15 ("While the USPTO examiner, as Defendant points out, provided a definition of a detector 'as a device or instrument designed to detect the presence of something and to emit a signal in response wherein a node is a central or connecting point,' this was not done to set forth the only definition of 'information detector' or require the patentee to define 'information detector' as such. If that was the examiner's intention, it would have been clear during the prosecution. The Court declines to import a limitation into the |

11 Case No. 5:16-cv-01824
PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| | claims from a preferred embodiment."). |
| [redacted] | Undisputed that independent claim 1 and dependent claim 9 of the '262 Patent require *inter alia* "a control unit configured to accept the information related to engine type from the information detector and to determine a washing program to be used as a function of the information relating to engine type from a set of preprogrammed washing programs…"<br><br>Undisputed that claim 14 of the '262 Patent requires *inter alia* "a control unit configured to regulate the washing unit according to washing parameters associated to a particular engine based upon preprogrammed control data relating to information provided by the information detector, wherein the preprogrammed control data comprises a washing program from a set of available washing programs." |
| [redacted] | Disputed as legal argument. '262 Patent |

12 Case No. 5:16-cv-01824
PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| [redacted] | discloses that an example of a control unit can be a PLC, but is not limited thereto. *See, e.g.*, 6:44-49:<br><br>"The control unit 112 preferably comprises a programmable logic controller (PLC) capable of being programmed to control and monitor the washing process. It should be understood, however, that the control unit 112 is not limited thereto, and other suitable control units may also be implemented where desired." |
| [redacted] | Undisputed. |
| [redacted] | Undisputed. |
| [redacted] | Undisputed. |

13 Case No. 5:16-cv-01824

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| [redacted] | |
| [redacted] | Undisputed as to counsel for EcoServices withdrawing the asserted claims of the '609 Patent from this case. Disputed as to Defendant's characterization of there being "no basis for infringement." |
| [redacted] | Disputed to the extent Defendant contends its equipment listing herein is exhaustive of equipment used in a Cyclean engine wash.<br><br>*See, e.g.*, Sealed ECF No. 128-13 at CAS000183. |

14 Case No. 5:16-cv-01824

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| [redacted] | |
| [redacted] | Disputed because the [redacted]" are for the operators and [redacted]<br><br>*See, e.g.*, Ex. 5, Caban Dep. Tr. 75:12-22; Ex. 6, CAS004410; Ex. 7, CAS004414. |
| [redacted] | Undisputed that Cyclean operators install [redacted] |
| [redacted] | Undisputed that the Cyclean operator installs the wash manifold onto the fans of the turbine engine. |

15 Case No. 5:16-cv-01824
PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| [redacted] | |
| [redacted] | Undisputed that Cyclean operators [redacted] |
| [redacted] | Disputed as mischaracterizes Mr. Kushnick's March 6, 2018 deposition testimony. Mr. Kushnick testified that the [redacted] *See, e.g.*, Ex. 8, Kushnick Dep. Tr. at 65:17-21. |
| [redacted] | Undisputed. |

16
Case No. 5:16-cv-01824
PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| [redacted] | Undisputed. |
| [redacted] | Disputed because the Cyclean operator [redacted] and, then, [redacted]<br>*See, e.g.*, Sealed ECF No. 126-25, ECO_00018599 at 00:10; *Id.* at 00:13; *Id.* at 00:23; *Id.* at 00:15; Ex. 9, CAS000024. |
| [redacted] | Disputed because the meaning of [redacted]" is unclear.<br>Undisputed that Cyclean does not have |

17 Case No. 5:16-cv-01824
PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's Responses and Supporting Evidence. |
|---|---|
| [REDACTED] | an [REDACTED] or [REDACTED] |
| [REDACTED] | Disputed because the Cyclean operator [REDACTED]<br><br>*See, e.g.*, Sealed ECF No. 126-25, ECO_00018599 at 00:10; *Id.* at 00:13; *Id.* at 00:23; *Id.* at 00:15; Ex. 9, CAS000024. |

Dated: April 24, 2018

GREENBERG TRAURIG, LLP

By: */s/ Stephen K. Shahida*

Ronald J. Pabis
Stephen K. Shahida
Patrick J. McCarthy
Myomi T. Coad
Leanna Costantini
**Attorneys for Plaintiff EcoServices, LLC**

18

Case No. 5:16-cv-01824

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# CERTIFICATE OF SERVICE

I, Stephen K. Shahida, hereby certify that on this 24th day of April, 2018, copies of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT** were served upon the following parties via CM/ECF:

Dale J. Giali
Mayer Brown LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
dgiali@mayerbrown.com

Stephen E. Baskin
Peter O. Schmidt
Mayer Brown LLP
1999 K. Street, N.W.
Washington, DC 20006
sbaskin@mayerbrown.com
pschmidt@mayerbrown.com

Gregory J. Apgar
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
gapgar@mayerbrown.com

**Attorneys for Defendant/Counter-Plaintiff Certified Aviation Services, LLC**

*/s/ Stephen K. Shahida*
Stephen K. Shahida

19
Case No. 5:16-cv-01824
PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '262 PATENT