Leanna Costantini (SBN 294028)
costantinil@gtlaw.com
GREENBERG TRAURIG LLP
3161 Michelson Drive Suite 1000
Irvine, CA 92612
Telephone: (949) 732-6804
Facsimile: (949) 732-6501

Ronald J. Pabis (admitted *Pro Hac Vice*)
pabisr@gtlaw.com
Stephen K. Shahida (admitted *Pro Hac Vice*)
shahidas@gtlaw.com
Patrick J. McCarthy (admitted *Pro Hac Vice*)
mccarthyp@gtlaw.com
Myomi T. Coad (admitted *Pro Hac Vice*)
coadm@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street NW, Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100
Facsimile: (202) 331-3101

Attorneys for Plaintiff
EcoServices, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOSERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CERTIFIED AVIATION SERVICES, LLC, <br><br> Defendant. | Case No. 5:16-cv-01824-RSWL-SPx <br><br> Assigned to Hon. Ronald Sing Wai Lew <br><br> **PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT** <br><br> Complaint Filed: April 22, 2016 <br><br> Trial Date: June 26, 2018 |

Case No. 5:16-cv-01824

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT

**DEFENDANT'S [PROPOSED] UNCONTROVERTED FACTS**

**LOCAL RULE 56-1**

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Undisputed. |
| | Undisputed. |
| | Undisputed. |

1                                                      Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | |
| | Undisputed. |
| | Undisputed. |
| | Undisputed. |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Disputed as ambiguous as to meaning of ▮▮ ▮▮ because CAS at least participates in the design of Cyclean by performing washes and providing wash performance feedback.<br><br>*See, e.g.*, Defendant's Motion for Partial Summary Judgment of Non-Infringement of the '262 Patent at 1:14-15 ("Since ▮▮, defendant CAS has been LHT's exclusive provider of Cyclean services in the United States."); Ex. 1, CAS004946. |
| | Undisputed that counsel for EcoServices did not serve a subpoena to LHT in this case requesting discovery. |
| | Disputed to the extent that CAS produced certain discovery bearing LHT's name.<br><br>*See, e.g.*, Ex. 2, CAS000071-000098; Ex. 3, CAS006712; Ex. 4, CAS000172-CAS000187. |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
| --- | --- |
| | Disputed to the extent that certain CAS 30(b)(6) witnesses testified regarding LHT's role with respect to Cyclean and relationship with CAS.<br><br>*See, e.g.*, Ex. 5, Caban Dep. Tr. at 50:14-51:9 (testifying about ███ ███ CAS's primary contact within LHT, as CAS's program manager at LHT for Cyclean). |
| | Undisputed. |
| | Undisputed. |
| | Undisputed. |
| | Disputed to the extent Defendant's Proposed Uncontroverted Fact provides an incomplete quotation of the '860 |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Patent at citation 1:43-50. The complete quotation of the '860 Patent at citation 1:43-50 is reproduced below:<br><br>"The object of the present invention is to eliminate the aforesaid and other drawbacks and to provide conditions for the lean use of resources and for obtaining an effective compressor wash, and to reduce the use of liquids that present a hazard to health and to the environment, and to enable turbine motors to be cleaned effectively with far less quantities of liquid while using an environmental-friendly liquid to this end." |
| | Undisputed. |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
|  |  |
|  | Disputed as legal argument and characterization of certain claim language of claim 1 of the '860 Patent as "parameter limitations." |
|  | Undisputed. |

6

Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | |
| | Undisputed. |
| | Undisputed. |
| | Disputed as legal argument and mischaracterization of the '860 Patent which actually states the following at the cited part (1:24-27):<br><br>"A conventional method of washing an aircraft engine for instance is to spray cold water into the engine through a |

7                                    Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | hose having a diameter of about 2.5". This means that very large quantities of water are injected (300-400 l per engine) and…" |
| | Disputed as legal argument and mischaracterization of the '860 Patent at the cited part (1:35-42):<br><br>"Large quantities of liquid spill are occasioned around the aircraft. The method cannot be employed during cold year periods; and the wash gives a poor result, since the ability of water to wash away grease coatings is very limited (because of the large quantities of liquid required, the use of special washing liquids or detergents is uneconomical)." |
| | Disputed to the extent Defendant's Proposed Uncontroverted Fact provides an incomplete quotation of the '860 Patent at citation 1:43-59: |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
|  | "The object of the present invention is to eliminate the aforesaid and other drawbacks and to provide conditions for the lean use of resources and for obtaining an effective compressor wash, and to reduce the use of liquids that present a hazard to health and to the environment, and to enable turbine motors to be cleaned effectively with far less quantities of liquid while using an environmental-friendly…" |
|  | Disputed to the extent Defendant's Proposed Uncontroverted Fact provides an incomplete quotation of the '860 Patent at citation 2:19-32:<br><br>"The inventive object washing method, particularly when applied in "compressor washes" affords the following advantages, among others:<br><br>Greater efficiency. |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Lower fuel consumption. Lower turbine inlet temperature. Reduced emissions. Shorter and "colder" start-up sequences. Less vibrations. Less corrosion. Reduced liquid quantities and fewer man hours involved in effecting a wash in accordance with the inventive method." |
| | Undisputed. |

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Disputed as legal argument and mischaracterizes Mr. Asplund's deposition testimony. |
| | *See, e.g.*, Ex. 6, Asplund Dep. Tr. at 140:10-141:5: |
| | Q. Do you see starting on line 2 of column 4 there is a clause that says "Wherein, small quantities of finely divided liquid are sprayed onto and through the turbine compressors?" A. Yes. |
| | Q. Is that "small quantities of finely divided liquid", does refer to your goal of reducing the volume of liquid used in the wash? MR. McCARTHY: Object to form. Calls for a legal conclusion. A. Yes. Q. So the phrase "small quantities of finely divided liquid" is not referring to the claimed total |

| | Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|---|
| | | volumetric flow of .5 to 60 liters per minute. Is that right? A. That's right. MR. McCARTHY: Same objection. |
| | | Disputed as legal argument and inconsistent with Court's *Markman* Order which stated that "a person of ordinary skill in the art could with reasonable certainty define 'small quantities' as a flow rate." |
| | | *See, e.g.*, ECF No. 80 at 10:7-13 ("Given the other parameters provided in the claim, along with Plaintiff's expert, Steven B. Kushnick's deposition testimony the parties referred to during the Markman hearing, Kushnick Decl. 75:9-76:24, a person of ordinary skill in the art could with reasonable certainty define "small quantities" as a flow rate."); Ex. 7, Micklow Dep. Tr. (Apr. 27, 2017) at 62:22-63:4; 98:2-17; 187:4-12; Exs. 8-9, Micklow Dep. Exs. (Apr. |

12

Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | 27, 2017) 7 and 6; ECF No. 76-5 (Declaration of Steven B. Kushnick in Support of EcoServices' Responsive Claim Construction Brief at ¶ 36(a)-(b)) |
| | Undisputed. |
| | Undisputed that paragraphs 51-54 of the Complaint describe EcoServices providing notice to Defendant of certain patents owned by EcoServices, which included the '860 Patent, available for licensing, as a basis for EcoServices' willfulness claim. |
| | Disputed as to the date of the September 2013 letter. The September 2013 letter was dated September 18, 2013. *See* Sealed ECF No. 128-10 at ECO_00002312 (Scanlon Dep. Ex. 35). |
| | Undisputed as to the addressee and |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT**

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | address on the face of the September 13, 2013 and December 5, 2013 letters. |
| | Disputed as ambiguous as to meaning of "separate entities" and to the extent Defendant's Proposed Uncontroverted Fact is not temporally limited.

*See, e.g.*, Ex. 10, Scanlon Dep. Tr. at 20:9-15; 21:15-22; 25:14-26:5 (testifying that all ██████████ ████████████████████ ████ 26:19-27:3. |
| | Undisputed as to 25:8-12 being the deposition testimony of Mr. Scanlon. |
| | Undisputed as to 26:2-5 being the deposition testimony of Mr. Scanlon. |

| | Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 | | |
| 7 8 9 10 11 | | Undisputed as to 98:13-23 being the deposition testimony of Mr. Scanlon. |
| 12 13 14 15 16 | | Undisputed as to 98:24-99:20 being the deposition testimony of Mr. Scanlon. |
| 17 18 19 20 21 22 | | Disputed. Mike Scanlon testified that he has no knowledge whether or not Daniel Scanlon ever receiving the letters addressed to Daniel Scanlon (Scanlon Dep. Ex. 35). *See, e.g.*, Ex. 10, Scanlon Dep. Tr. at 99:22-25. |
| 23 24 25 26 | | Disputed. Mike Scanlon testified that he has no knowledge whether or not Daniel Scanlon ever receiving the letters addressed to Daniel Scanlon (Scanlon |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Dep. Ex. 35). *See, e.g., Id.*<br><br>*See also* Sealed ECF No. 128-10 at ECO_00002311 (showing signature for Juanita Scanlon on return receipt dated October 2013 for September 18, 2013 letter). |
| | Disputed as to the date of the September 2013 letter. The September 2013 letter was dated September 18, 2013. *See* Sealed ECF No. 128-10 at ECO_00002312 (Scanlon Dep. Ex. 35).<br><br>Disputed as to Defendant's characterization of the September 18, 2013 and December 5, 2013 letter as not alleging infringement of the '860 Patent to an arbitrary level of explicitness required by Defendant. *See, e.g.*, Sealed ECF No. 128-10 (" |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
| --- | --- |
| ████████████████ | ████████████████████ ████████████."). |
| ████████████████ | Disputed to the extent Defendant contends its equipment listing herein is exhaustive of equipment used in a Cyclean engine wash.<br><br>*See, e.g.*, Sealed ECF No. 128-13 at CAS000183. |
| ████████████████ | Disputed as ambiguous as to the meaning of "maintained", ambiguous as to the length of the hose that is ██████████ and ambiguous as to when the hose is ████████ |

17                                           Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| ███████████████████ | ████ (*e.g.,* at what step of Cyclean is the ████████████████ |
| | Disputed as ambiguous as to the meaning of ████████ |
| | ████████ Disputed because the "instructions for the wash" are for the operators and ███ ████████████████ |
| | *See, e.g.*, Ex. 5, Caban Dep. Tr. 75:12-22; Ex. 11, CAS004410; Ex. 12, CAS004414. |
| | Undisputed that Cyclean operators ████████████████ |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | |
| | Undisputed that the Cyclean operator ███████████████ ████████ |
| | Disputed as ambiguous as to meaning of "extend past." |
| | Undisputed that Cyclean operators ██ ███████████████ |
| | Disputed as mischaracterizes Mr. |

19                                    Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Kushnick's March 6, 2018 deposition testimony. Mr. Kushnick testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. 13, Kushnick Dep. Tr. at 65:17-21. |
| | Disputed as ambiguous as to the meaning of ▮▮▮▮▮▮▮" and to the extent Defendant argues a specific quantitative value to ▮▮▮▮▮▮▮ |
| | Disputed. *See, e.g.*, Ex. 14, CAS006462; Ex. 15, CAS006274. |
| | Disputed as mischaracterizing Mr. Kushnick's deposition testimony. Mr. Kushnick was asked about "overpressure." *See, e.g.*, Ex. 13, |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Kushnick 3/6/18 Dep. Tr. at 150:20-151:5. |
| | Undisputed. |
| | Undisputed. |
| | Disputed as legal argument and ambiguous as to the meaning of " ▮▮▮ ▮▮▮▮▮▮▮▮ |
| | Disputed. |

21                                    Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | *See, e.g.*, Ex. 16, ECO_00000006 ('392 Patent). |
| | Disputed as legal argument. |
| | Disputed. *See, e.g.*, Ex. 16, ECO_00000006 ('392 Patent). |
| | Disputed to the extent Defendant argues |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
|  | that Mr. Kushnick solely relies on the '392 Patent for his infringement opinion. Mr. Kushnick cites to other sources as bases for his infringement opinions.<br><br>*See, e.g.*, ECF No. 128-24, Infringement Report at ¶¶ 68-70. |
|  | Undisputed. |
|  | Disputed as legal argument. Nowhere in the '392 Patent does it recite, either in the specification or claims, "a specific physical system for washing." |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT**

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
|  |  |
|  | Disputed as legal argument. The '392 Patent discloses certain limitations recited in the '860 Patent.<br><br>*See, e.g.*, Ex. 16, '392 Patent at 5:44-47; 5:49-51; 5:52-55. |
|  | Disputed as legal argument.<br><br>Undisputed as to the content of paragraph 52 of Mr. Kushnick's Infringement Report. |
|  | Disputed.<br><br>*See, e.g.*, ECF No. 131, CAS001865; Ex. 17, CAS006256; Ex. 18, CAS007070. |

24                                         Case No. 5:16-cv-01824

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
|  | EcoServices assumes this fact is meant to refer to the named inventors of the '392 Patent.  *See, e.g.*, Defendant's Motion for Partial Summary Judgment of Non-Infringement and Invalidity of the '860 Patent at 3:3-4. |
|  | To the extent EcoServices' assumption is correct, EcoServices responses to this proposed uncontroverted fact is: |
|  | Undisputed that Mr. Kushnick did not have discussions with the named inventors of the '392 Patent during this litigation. |
|  | Disputed.<br><br>*See, e.g.*, ECF No. 131, CAS001865; Ex. 17, CAS006256. |
|  | Disputed as legal argument.  The '392 Patent discloses ranges within those |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
|  | claimed by the '860 Patent.<br><br>*See, e.g.*, Ex. 16, '392 Patent, 5:44-47; 5:49:51; 5:52-55. |
|  | Disputed to the extent Defendant argues that Mr. Kushnick solely relies on the ▮▮▮▮▮ nozzle for his infringement opinion. Mr. Kushnick cites to other sources as bases for his infringement opinions.<br><br>*See, e.g.*, ECF No. 128-24, Infringement Report at ¶¶ 68-70. |
|  | Disputed to the extent Defendant argues that Mr. Kushnick solely relies on the testimony of Mr. Caban for his infringement opinion. Mr. Kushnick cites to other sources as bases for his infringement opinions.<br><br>*See, e.g.*, ECF No. 128-24, Infringement Report at ¶¶ 68-70. |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Undisputed that Mr. Kushnick considered the testimony of Mr. Caban for his infringement opinion. |
| | Undisputed. |
| | Undisputed. |
| | Disputed.<br><br>*See, e.g.*, Ex. 19, CAS006251; Ex. 20, CAS004287; Ex. 21, ECO_00001343. |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | Disputed as legal argument. |
| | Disputed as mischaracterizing Mr. Kushnick's deposition testimony. Mr. Kushnick testified that the markings of the nozzle were ██████████ ████ <br><br> *See, e.g.*, Ex. 13, Kushnick Dep. Tr. at 117:17-22. |
| | Disputed as legal argument. |
| | Disputed as to the context in which it is referred. As Mr. Kushnick testified, |

28

Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | there is no meaningful difference in the nozzles for purposes of the infringement analysis. |
| | Disputed as to the meaning of "different" in this context. As Mr. Kushnick testified, there is no meaningful difference in the nozzles for purposes of the infringement analysis. |
| | Disputed as to the meaning of "different" in this context. As Mr. Kushnick testified, there is no meaningful difference in the nozzles for purposes of the infringement analysis. |
| | Disputed as legal argument. |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | |
| | Disputed. CAS has testified that ██████ nozzles are used in the accused Cyclean system. Mr. Kushnick testified and will testify that there is no meaningful difference in the nozzles for purposes of the infringement analysis. |
| | Undisputed. |
| | Disputed. Based on the testimony of Mr. Caban, ██████ nozzles are used in Cyclean. |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| | |
| | Disputed to the extent that Mr. Kushnick's testing and testimony demonstrate that the testing performed is indicative of all nozzles within the series.. |
| | Disputed.   Mr. Kushnick's testimony shows that based on his mathematical calculations, the testing performed is equally applicable to any rotational conditions in an accused Cyclean wash. |
| | Disputed as ambiguous as to the meaning of ████████ Defendant's cited testimony of Mr. Kushnick does not provide support for Defendant's proposed uncontroverted fact.<br><br>Mr. Kushnick's testimony shows that based on his mathematical calculations, the testing performed is equally applicable to any █████ conditions |

31

Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
|  | in an accused Cyclean wash. |
|  | Undisputed. |
|  | Disputed as legal argument. |
|  | Disputed as legal argument. |
|  | Disputed as legal argument. |
|  | Disputed as legal argument. |

Case No. 5:16-cv-01824

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
|  |  |
|  | Disputed as legal argument. Mr. Caban testified that ▮▮▮▮ remain in the possession of CAS as "a point of reference." *See, e.g.*, Ex. 5, Caban Dep. Tr. at 100:25-101:25. |
|  | Disputed as mischaracterizing Mr. Kushnick's deposition testimony. Mr. Kushnick was asked if he was aware of how many washes CAS has performed with Cyclean that follow the ▮▮. Mr. Kushnick testified that he does not know "what those numbers are." *See, e.g.*, Ex. 13, Kushnick 3/6/18 Dep. Tr. at 88:19-89:12. |
|  | Disputed as mischaracterizing Mr. Kushnick's deposition testimony. Mr. Kushnick was asked if he was aware of how many washes CAS has performed with Cyclean that follow the ▮▮. Mr. |

| Defendant's Proposed Facts | Plaintiff EcoServices, LLC's ("EcoServices") Responses and Supporting Evidence. |
|---|---|
| ████████████████ | Kushnick testified that he does not know "what those numbers are." *See, e.g.*, Ex. 13, Kushnick 3/6/18 Dep. Tr. at 88:19-89:12. |
| | Disputed as mischaracterizing Mr. Kushnick's deposition testimony. Mr. Kushnick did not testify that ████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ███████████████ Mr. Kushnick testified that the ████ ████████████████ *See, e.g.*, Ex. 13, Kushnick Dep. Tr. at 65:17-21. |

34                    Case No. 5:16-cv-01824

**PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT**

Dated:  April 24, 2018

GREENBERG TRAURIG, LLP

By:  /s/ Stephen K. Shahida
Ronald J. Pabis
Stephen K. Shahida
Patrick J. McCarthy
Myomi T. Coad
Leanna Costantini
**Attorneys for Plaintiff EcoServices, LLC**

**PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT**

## CERTIFICATE OF SERVICE

I, Stephen K. Shahida, hereby certify that on this 24th day of April, 2018, copies of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT** were served upon the following parties via CM/ECF:

Dale J. Giali
Mayer Brown LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
dgiali@mayerbrown.com

Stephen E. Baskin
Peter O. Schmidt
Mayer Brown LLP
1999 K. Street, N.W.
Washington, DC 20006
sbaskin@mayerbrown.com
pschmidt@mayerbrown.com

Gregory J. Apgar
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
gapgar@mayerbrown.com

**Attorneys for Defendant/Counter-Plaintiff Certified Aviation Services, LLC**

*/s/ Stephen K. Shahida*
Stephen K. Shahida

36                                    Case No. 5:16-cv-01824

PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE '860 PATENT