O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOSERVICES, LLC, | ) CV 16-01824-RSWL-SP |
| Plaintiff, | ) |
| | ) **ORDER re: Plaintiff's** |
| v. | ) **Motions in Limine Nos.** |
| | ) **1-2** [178]; **Defendant's** |
| | ) **Motions in Limine Nos.** |
| CERTIFIED AVIATION SERVICES, LLC, | ) **1-3** [181-183] |
| | ) |
| Defendant. | ) |

Plaintiff EcoServices, LLC ("Plaintiff") brings this Action against Defendant Certified Aviation Services, LLC ("Defendant") for infringement of patents related to Plaintiff's EcoPower Engine Wash System, U.S. Patent Nos. 5,868,860 (the "'860 Patent") and 9,162,262 (the "'262 Patent"). Currently before the Court are the parties' Motions in Limine ("MIL") for the forthcoming trial on June 26, 2018. Plaintiff has filed an Omnibus MIL, which includes two MIL seeking

1

the Court to:

MIL #1) Exclude testimony of undisclosed conversations between Defendant's expert and representatives of Defendant; and

MIL #2) Exclude testimony from Defendant's expert contradicting the Court's Claim Construction Order.

Defendant filed three MIL seeking the Court to:

MIL #1) Preclude evidence regarding injunctive relief;

MIL #2) Exclude inventor testimony related to old prototypes; and

MIL #3) Preclude evidence of lost sales and reduced prices.

For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Plaintiff's MIL #1, **DENIES** Plaintiff's MIL #2, **DENIES** Defendant's MIL #1, **GRANTS** Defendant's MIL #2, and **DENIES** Defendant's MIL #3.

I. DISCUSSION

A. **Plaintiff's MIL #1 Is GRANTED in Part and DENIED in Part**

In its **MIL #1**, Plaintiff seeks to preclude Defendant from offering evidence or testimony related to Defendant's expert Gerald Micklow, Ph.D's alleged conversations with Cyclean operators during the on-site inspection of the Cyclean system. Plaintiff's MIL #1 also seeks to preclude any testimony relating to opinions based on these alleged conversations. As part

of the on-site inspection, the parties agreed that "[t]he inspection attendees will not be permitted to communicate in any way with any individuals present in or around the inspection site and engine wash, including any representatives of the airline customer."[1] Decl. of Stephen K. Shahida in Supp. of Pl.'s Omnibus MIL ("Shahida Decl."), Ex. B, ECF No. 178-1. Dr. Micklow admits that he had conversations with the Cyclean operators during the on-site inspection. While Defendant argues that Plaintiff's counsel was present during Dr. Micklow's conversation, Dr. Micklow's deposition testimony clarifies that everyone in attendance of the on-site inspection was in the "same immediate vicinity." Id., Ex. C at 13:9-10. This does not show that Plaintiff's counsel was an actual party to the conversation. Because Dr. Micklow violated the inspection protocols by initiating conversations with the Cyclean employees, the Court **GRANTS in part** Plaintiff's MIL #1 and excludes any testimony regarding these conversations.[2]

---

[1] Defendant contends that the agreement was that all attendees could only ask questions through Defendant's counsel. However, even if this was the parties' understanding, which directly contradicts the specific terms of the agreement, Defendant admitted that Dr. Micklow did not ask questions of the Cyclean employees through Defendant's counsel. Therefore, the conversations were still in violation of the inspection protocols.

[2] Defendant argues that Plaintiff has failed to establish how it would be prejudiced by allowing testimony regarding Dr. Micklow's conversations with the Cyclean employees. However, Plaintiff is not required to articulate how it would be

3

However, Plaintiff's MIL #1 essentially seeks to exclude all testimony from Dr. Micklow related to ▇▇ ▇▇,³ including any calculations performed based on Dr. Micklow's understanding of the ▇▇▇▇. Defendant argues that Dr. Micklow's opinion regarding ▇▇▇▇ is based on Dr. Micklow's personal observations of the ▇▇ as well as his review of photographs and video of the ▇▇. In regard to ▇▇ ▇▇, Dr. Micklow's report specifically states that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Id., Ex. D ¶ 62. Plaintiff has not provided any evidence to suggest that Dr. Micklow's opinions regarding ▇▇▇▇ were based on the conversations Dr. Micklow had with the Cyclean employees. Therefore, while the Court **GRANTS in part** Plaintiff's MIL #1 and excludes any testimony regarding the conversations Dr. Micklow had with the Cyclean employees at the on-site inspection, the Court **DENIES in part** Plaintiff's MIL #1 to the extent it seeks to exclude Dr. Micklow's testimony related to ▇▇▇▇

---

prejudiced by Defendant's failure to disclose these conversations. See Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008). Instead, the burden is on Defendant to establish that the failure to disclose was harmless or substantially justified. Id. Other than conclusory statements that the failure to disclose was harmless, Defendant does not make any argument sufficient to meet this burden.

³ In accordance with the Court's Orders regarding the parties' requests to seal certain confidential information, the Court has redacted all references to such sealed information in this Order. However, the Court's grant of the applications to seal is only relevant for pre-trial motions.

4

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

B. **Plaintiff's MIL #2 Is DENIED**

Plaintiff's **MIL #2** seeks to preclude Dr. Micklow from arguing that the Cyclean system does not have an "information detector" because the basis for his opinion contradicts the Court's Claim Construction Order.[4] More specifically, Plaintiff argues that Dr. Micklow's opinion regarding the claimed "information detector" seeks to limit the information detector to require radio-frequency identification ("RFID") or bar code reader technology, an argument the Court previously rejected.

An expert may not offer an opinion that contradicts the court's claim construction of a term. See Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1321 (Fed. Cir. 2009) ("Once a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial."); Dynetix Design Sols., Inc. v. Synopsys, Inc., No. C 11-5973 PSG, 2013 U.S. Dist. LEXIS 120404, at *13 (N.D. Cal. Aug. 22, 2013) ("Any expert testimony must adhere to the court's claim constructions and must not apply alternative claim

---

[4] Plaintiff's MIL #2 also originally sought to exclude Dr. Micklow's opinion regarding the term "small quantities" being indefinite. However, Defendant noted that it no longer intends to present this issue to the jury. Def.'s Opp'n to Pl.'s Omnibus MIL 6 n.3. Therefore, the Court **DENIES as MOOT** this portion of Plaintiff's MIL #2.

5

constructions."). Dr. Micklow testified at deposition that he concluded in his report that the information detector corresponds to technologies involved in RFID and bar codes. Shahida Decl., Ex. C at 136:13-17. He was asked whether that was the construction he applied to the information detector limitation, and he stated, "That is part of it, yes, but I was thinking about okay, how are they going to do this, radio frequency detector, bar code detectors, et cetera, other sensors possibly." Id. at 136:22-25. This testimony does not show Dr. Micklow limiting the information detector to only include RFID or bar code technology. Rather, he relies on dictionary definitions and his own experience to explain the plain and ordinary meaning of "information detector," the construction this Court adopted in its Claim Construction Order. He then relies on this plain and ordinary meaning in offering "an opinion on how a court's claim construction should be applied to the facts of a case." In re Maxim Integrated Prod., Inc., No. 12-244, 2015 WL 5311264, at *4 (W.D. Pa. Sept. 11, 2015). Because Dr. Micklow's opinion does not limit the information detector to only include RFID or bar code technology, his opinion does not contradict the Court's Claim Construction Order. The Court therefore **DENIES** Plaintiff's MIL #2. If Dr. Micklow does attempt to rely on the specification of the '262 Patent to limit the claimed "information detector" to RFID or bar code technology, Plaintiff can

object to such at trial.

**C.  Defendant's MIL #1 Is DENIED**

Defendant's **MIL #1** seeks to exclude any evidence related to Plaintiff's claim for injunctive relief. In its Opposition, Plaintiff noted that if it presents evidence related "to the issue of injunctive relief, it is being offered for some other reason." Pl.'s Opp'n to Def.'s MIL #1 4:11-12, ECF No. 199. Therefore, Plaintiff does not intend to introduce to the jury evidence to support a claim of injunctive relief.[5] Accordingly, the Court **DENIES** Defendant's MIL #1.

Further, while Plaintiff may not have been specific in the Proposed Final Pretrial Conference Order regarding the evidence it intended to offer in support of its injunctive relief claim, the Court cannot order a blanket exclusion of all evidence that may be relevant to injunctive relief, especially when the Court does not know what that evidence is.

**D.  Defendant's MIL #2 Is GRANTED**

Defendant's **MIL #2** seeks to exclude testimony of the inventors of the '262 Patent regarding the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ prototype. Defendant argues that the prototype is not relevant to the infringement

---

[5] Defendant notes this, but argues that because Plaintiff failed to provide any discovery on its injunctive relief claim, Plaintiff should be barred from pursuing the claim altogether. However, that is not the purpose of a MIL. MIL deal with the presentation of evidence at trial, not the merits of a plaintiff's claims.

7

analysis because the jury must compare the Cyclean system to the claims of the '262 Patent, not a prototype or product the inventors made. Plaintiff argues that the ■ prototype is relevant to the conception date of the invention and thus relevant to Defendant's prior art defense. However, Defendant has made clear that it does not intend to introduce the prior art to which the conception date of the invention would be relevant. Def.'s Reply in Supp. of MIL #2 2:3-7, ECF No. 219. Thus, this argument is irrelevant.

Plaintiff also argues that the ■ prototype is relevant to Defendant's written description defense. Under this defense, the written description must adequately describe the claims to show to a person of skill in the art that "the patentee invented what is claimed." LizardTech, Inc. v. Earth Res. Mapping, Inc., 424 F.3d 1336, 1345 (Fed. Cir. 2005). The ■ prototype is not disclosed in the specification; therefore, it is not relevant to whether the specification adequately describes the claims.

Ultimately, because the role of the jury is to determine infringement based on a comparison of the claims of the '262 Patent and the Cyclean system, see Zenith Labs, Inc. v. Bristol-Myers Squibb Co., 19 F.3d 1418, 1423 (Fed. Cir. 1994) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other

version of the product or process; the only proper comparison is with the claims of the patent."), testimony regarding an ▮ prototype, which may or may not practice the claims of the '262 Patent, would confuse and mislead the jury, especially if the jury is led to believe the ▮ prototype and the Cyclean keypad are similar. While the ▮ prototype may be part of the invention story, it is just one small part of that story. The inventors are still free to tell the rest of their story. Accordingly, the risk of undue prejudice to Defendant outweighs any minor probative value testimony related to the ▮ prototype may have. See Allergan Sales, LLC v. UCB, Inc., No. 2:15-CV-01001-JRG-RSP, 2016 U.S. Dist. LEXIS 191852, at *3 (E.D. Tex. Nov. 6, 2016) (excluding testimony regarding prototypes due to the risk of confusing the jury). The Court **GRANTS** Defendant's MIL #2.

E. **Defendant's MIL #3 Is DENIED**

Defendant's MIL #3 seeks to exclude specific evidence related to Plaintiff's lost sales and reduced prices due to Defendant's competition in the market. Defendant makes clear that it "does not dispute that generalized testimony concerning the introduction of a new competitor via a patent license can be relevant to a reasonable royalty calculation." Def.'s MIL #3 3:3-5, ECF No 183. Rather, Defendant argues that evidence regarding contracts with specific airlines and dollar values Plaintiff believes it lost because of Defendant

is not relevant to a reasonable royalty, the damages theory on which Plaintiff relies.

Throughout its Opposition, Plaintiff argues that testimony regarding lost sales or reduced prices is pertinent to Plaintiff's damages expert Richard Lettiere's reasonable royalty analysis. The losses Plaintiff may have suffered are relevant to the hypothetical negotiation between the parties to determine a reasonable royalty. <u>Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.</u>, No. C 09-5235 MMC, 2014 U.S. Dist. LEXIS 126294, at *17 (N.D. Cal. Sep. 9, 2014) (noting that "losses the parties reasonably would have anticipated in light of information available to them at the time of the negotiation" were relevant to an expert's reasonable royalty analysis).

Further, unlike in the cases Defendant cites in MIL #3, Plaintiff is not seeking to obtain damages above the reasonable royalty Mr. Lettiere calculated. In <u>Rodime PLC v. Seagate Technology Inc.</u>, 174 F.3d 1294, 1308 (Fed. Cir. 1999), the Court noted that "[t]he condition of [the p]laintiff's business at the time of [] a hypothetical negotiation" may be factored into the reasonable royalty analysis. The court took issue with the fact that the plaintiff's expert tried to admit evidence regarding consequential business damages that were "over and above the royalty revenues." <u>Id.</u> Therefore, the court only excluded expert testimony

regarding these consequential business damages. <u>Id.</u> Here, Mr. Lettiere offers an opinion regarding a per-wash royalty. While Mr. Lettiere references Plaintiff's lost sales and reduced prices, Mr. Lettiere is only using this data to inform his reasonable royalty opinion; Mr. Lettiere does not offer an opinion regarding damages over and above the reasonable royalty.

Finally, Defendant points to specific portions of the depositions of two of Plaintiff's employees, which discuss contracts and sales Plaintiff believes it lost to Defendant. <u>See</u> Def.'s MIL #3 4:18-7:2. While Defendant attacks the foundation of this testimony, such attacks are better served on cross-examination. <u>See</u> <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Accordingly, Mr. Lettiere's opinions, which may be based on or reference this testimony, should not be excluded on a MIL. The jury should be able to hear this evidence and decide what weight to give such evidence. Therefore, the Court **DENIES** Defendant's MIL #3.

## II. CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiff's MIL #1, **DENIES**

11

Plaintiff's MIL #2, **DENIES** Defendant's MIL #1, **GRANTS** Defendant's MIL #2, and **DENIES** Defendant's MIL #3.

**IT IS SO ORDERED.**

DATED: June 19, 2018
                          s/ RONALD S.W. LEW
                          **HONORABLE RONALD S.W. LEW**
                          Senior U.S. District Judge