Ronald J. Pabis (pro hac vice)
rpabis@goodwinlaw.com
Stephen K. Shahida (pro hac vice)
sshahida@goodwinlaw.com
Patrick J McCarthy (pro hac vice)
pmccarthy@goodwinlaw.com
Myomi Tse Coad (pro hac vice)
mcoad@goodwinlaw.com
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC 20001
Tel.: +1 202 346 4000
Fax.: +1 202 346 4444

Natasha E. Daughtrey (SBN 319975)
ndaughtrey@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S Figueroa Street
41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Plaintiff
ECOSERVICES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ECOSERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CERTIFIED AVIATION SERVICES, LLC,<br><br>Defendant. | Case No. 5:16-cv-01824-RSWL-SPx<br><br>**NOTICE OF MOTION AND MOTION FOR PRE-JUDGMENT INTEREST, POST JUDGMENT INTEREST, SUPPLEMENTAL DAMAGES AND STATUTORY COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:    Hon. Ronald Sing Wai Lew<br><br>Complaint Filed: April 22, 2016<br><br>Trial Date: June 26, 2018<br><br>Filed concurrently with:<br><br>1. Declaration of Myomi Coad<br>2. [Proposed] Order |

ACTIVE/96091065.5

# PLAINTIFF ECOSERVICES, LLC'S NOTICE OF MOTION AND MOTION FOR PRE- AND POST- JUDGMENT INTEREST, SUPPLEMENTAL DAMAGES AND STATUTORY COSTS

Please take notice that Plaintiff EcoServices, LLC ("EcoServices") will and hereby does move the Court for an award of pre- and post-judgement interest, supplemental damages, and statutory costs. Per the Court's Minute Order (ECF No. 253 at 2), the Court will notify the Parties if a hearing on the motion is required. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 18, 2018.

ACTIVE/96091065.5

**PLAINTIFF ECOSERVICES, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR PRE- AND POST- JUDGMENT INTEREST, SUPPLEMENTAL DAMAGES, AND STATUTORY COSTS**

On July 2, 2018, the jury returned a verdict in favor of Plaintiff EcoServices, LLC ("EcoServices") in the amount of $1,949,600 based on a running royalty of $400 per jet engine wash. Under 35 U.S.C. § 284, EcoServices respectfully requests that the Court award a prejudgment interest of 7%, as detailed in the attached Schedule A, and award costs.[1] In addition, EcoServices moves for supplemental damages for the infringing jet engine washes not included in the jury deliberation. Finally, EcoServices requests that the Court order post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a), compounded annually.

**I.  Prejudgment Interest Is Warranted Under 35 U.S.C. § 284.**

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, *together with interest and costs* as fixed by the court." 35 U.S.C. § 284 (emphasis added). The Supreme Court has stated that prejudgment interest is to be made part of the compensation to make a patent owner whole and that "prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). The Court explained that:

> [t]he standard governing the award of prejudgment interest under § 284 should be consistent with Congress' overriding purpose of affording patent owners complete compensation. In light of that purpose, we conclude that prejudgment interest should ordinarily be awarded. In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would

---

[1] Should the Court find that EcoServices is entitled to costs, EcoServices will file and serve, in accordance with L.R. 54, a completed Form CV-59.

1

| | |
|---|---|
| 1 | have been in had the infringer entered into a reasonable |
| 2 | royalty agreement. An award of interest from the time that |
| 3 | the royalty payments would have been received merely |
| 4 | serves to make the patent owner whole, since his damages |
| 5 | consist not only of the value of the royalty payments but also |
| 6 | of the forgone use of the money between the time of |
| 7 | infringement and the date of the judgment. |

*Id*. at 655-56; *see also Crystal Semiconductor Corp. v. TriTech Microelecs Int'l, Inc.*, 246 F.3d 1336, 1361 (Fed. Cir. 2001); *Bio-Rad Labs, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 970 (Fed. Cir. 1986); *Stickle v. Heublein, Inc*., 716 F.2d 1550, 1564 (Fed. Cir. 1983) ("[p]rejudgment interest is typically included as part of the patentee's recovery to insure compliance with the statutory mandate of 35 U.S.C. § 284 that damages be 'adequate to compensate for the infringement'"). Interest should be awarded from the date of infringement to the date of final judgment. *Nickson Indus., Inc. v. Rol Mfg.*, 847 F.2d 795, 800 (Fed. Cir. 1988). Such an award, accordingly serves "to compensate for the delay a patentee experiences in obtaining money [it] would have received sooner if no infringement had occurred." *Paper Converting Mach. Co. v. Magna-Graphics Corp*., 745 F.2d 11, 23 (Fed.Cir.1984).

Courts have broad discretion in determining the rate of prejudgment interest and whether it should be compounded. *See Bio-Rad*, 807 F.2d at 969. "In exercising that discretion, however, courts must be guided by the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer [not infringed].'" *Id*. (quoting *Gen. Motors Corp.*, 461 U.S. at 655).

Because § 284 does not specify a rate to be used for prejudgment interest, "courts often use the statutory interest rate of the state in which they sit." *Bowling v. Hasbro, Inc*., C.A. No. 05-229 S, 2008 WL 4694549 at *208 (D.R.I. 2008) (awarding patentee state statutory rate of 12%). This is at least in part because "it is in the

2

interest of justice to have a consistent rate at which prejudgment interest is awarded, and … the local statutory rate is an appropriate benchmark." *Uni. Of Pittsburgh v. Varian*, No. 08-cv-1307, 2012 WL 1436569 at *10 (W.D. Pa Apr. 25, 2012) *aff'd in part*, *vac. in part*, 561 F. App'x 934, (Fed. Cir. 2014) (emphasis added); *see also Hall v. Meadwestvaco Corp.*, No. 03-30310, 2005 WL 1205554 at *5 (D. Mass. May 18, 2005) ("the court finds the state statutory rate of 12.0%, which litigants in [this state] invariably expect to pay… to be most appropriate"). This approach is consistent with the Federal Circuit's acceptance of the use of simple state statutory rates in computing prejudgment interest. *See Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556-57 (Fed. Cir. 1984); *see also Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, No. CV 03-0597, 2009 WL 920300 at *2–*3 (D. Ariz. March 31, 2009) (awarding patentee state statutory rate of 10% and rejecting argument that T-bill rate or post-judgment rate of § 1961 should be used instead), *aff'd*, 670 F.3d 1171 (Fed. Cir. 2012), *vac. in part on other grounds*, 682 F.3d 1003 (Fed. Cir. 2012).

Many courts have calculated prejudgment interest based upon the California state statutory rate of 7%. *See, e.g.*, *Carl Zeiss Vision Int'l GMBH v. Signet Armorlite, Inc.*, No. 07-cv-0894 DMS (DHB), 2012 U.S. Dist. LEXIS 105928, at *7-8 (S.D. Cal. July 27, 2012); *Presidio Components Inc. v. Am. Technical Ceramics Corp.*, 723 F. Supp. 2d 1284, 1330 (S.D. Cal. 2010) *aff'd in part*, *vacated in part*, 702 F.3d 1351 (Fed. Cir. 2012) (applying California statutory rate of 7% instead of prime rate and observing that "California courts have found that a simple interest rate of 7% is usually appropriate to fully compensate the plaintiff for the infringement"); *Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, No. 2:04-cv-01971-MCE-EFB, 2009 WL 981843, at *7 (E.D. Cal. Apr. 13, 2009); *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958-B (BLM), 2007 U.S. Dist. LEXIS 82965, at *36-38 (S.D. Cal. Oct. 29, 2007), *adopted by*, 2007 U.S. Dist. LEXIS 91236, at *5-6 (S.D. Cal. Dec. 11, 2007), *aff'd in part*, *vacated in part*, 548 F.3d 1004 (Fed. Cir. 2008); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 420 F. Supp. 2d 1070, 1092 (N.D. Cal. Mar. 9, 2006)

3

*aff'd,* 221 F. App'x 996 (Fed. Cir. 2007); *In re Hayes Microcomputer Prods., Inc. Patent Litig.*, 766 F. Supp. 818, 824 (N.D. Cal. Apr. 22, 1991) *aff'd*, 982 F.2d 1527 (Fed. Cir. 1992); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1103 (S.D. Cal. Dec. 21, 1990) ("Courts do often use the statutory rate in the state in which they sit to calculate an award of prejudgment interest.").

EcoServices respectfully submits that in light of CAS's litigation conduct, as detailed in the concurrently filed Motion for Attorneys' Fees, the Court should supplement the jury's damages award to include pre-judgment interest, calculated at 7% per annum calculated from the earliest date of infringing sales, and as detailed in the attached Schedule A.[2]

## II. EcoServices is entitled to supplemental damages.

The jury's damages award was limited to the period from April 2010 through December 2017. *See* Ex. B, Trial Tr. (June 28, 2018) at 17:17-18:7 (Mr. Lettiere testifying and explaining why his royalty opinion covers the period of April 2010 through December 2017). That assessment was based on an on-going royalty of $400 per wash through what was supposed to be the start of the trial. As the Court is aware, however, the trial was moved to the end of June of 2018. Throughout that extra period (and indeed through today)[3] CAS continues to perform engine washes that infringe the '262 Patent. EcoServices is entitled to damages based on the infringing washes that the jury did not consider. *Finjan, Inc. v. Secure Computing Corp.*, 626

---

[2] To the extent the Court declines to apply the California statutory rate, the prime rate is also recognized as a conservative measure to ensure a patent owner is adequately compensated. *See e.g.*, *U.S. ex rel. Macias v. Pac. Health Corp.*, No. Cv 12-00960 RSWL (JPR), 2016 U.S. Dist. LEXIS 140760, at *31 (C.D. Cal. Oct. 7, 2016); *see also Kaneka Corp. v. SKC Kolon Pl., Inc.*, 198 F. Supp. 3d 1089 (C.D. Cal. Aug. 2, 2016). The Federal Circuit has made it clear that there is no "rule requiring . . . an affirmative demonstration, i.e., proof of borrowing at or above prime, for a plaintiff to be entitled to an award of prejudgment interest at the prime rate." *Studiengesellschaft Kohle v. Dart Indus.*, 862 F.2d 1564, 1579-80 (Fed. Cir. 1988). Although EcoServices believes a simple interest of 7% is the fair and appropriate rate, for the Court's convenience, EcoServices has provided three additional alternative calculations based on 7% compounded, prime rate compounded, and prime rate not compounded. *See* Schedule A.

[3] CAS does not appear to acknowledge its infringement. Exhibit A (July 18, 2018 – July 19, 2018 email exchange between counsel for CAS, Steve Baskin, and counsel for EcoServices, Stephen Shahida, regarding willful infringement of the '262 Patent).

4

F.3d 1197, 1212-13 (Fed. Cir. 2010) (awarding damages for infringing sales for 17 months between entry of judgment and injunction); *see also Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 960-61 (N.D. Cal. 2009) (awarding supplemental damages for infringement occurring between verdict and entry of judgment, which could not have been considered by the jury); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-cv-02061-H-BGS, 2016 U.S. Dist. LEXIS 110212, at *78–80 (S.D. Cal. Aug. 17, 2016) (ordering an accounting for infringing product sales "subsequent to the latest sales data it provided to Presidio and that was utilized at trial"); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib. Ltd.*, 833 F. Supp. 2d 333, 349–50 (E.D.N.Y. 2011) (awarding pre-verdict supplemental damages) *rev'd on other grounds* 526 Fed. App'x 988 (Fed. Cir. 2013).

CAS should be ordered to supplement its financial disclosure to show the number of washes it has performed since January of 2018 until the entry of the final judgment. And EcoServices respectfully requests that the Court award a royalty rate of $400 per wash for those infringing acts.

### III. The Court should award post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a), compounded annually.

After awarding prejudgment interest, EcoServices respectfully requests that the Court also should award post-judgment interest. Awards of post-judgment interest are automatic under 28 U.S.C. § 1961. Such an award should be calculated on the total money award, including damages, enhanced damages, prejudgment interest and attorneys' fees. *See, e.g.*, *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995). Section 1961 controls the award of post-judgment interest, which "**shall** be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a) (emphasis added). Once a judgment is obtained, post-judgment "interest thereon is mandatory without regard to the elements of which that judgment is composed." *Air Separation*, 45 F.3d at 290; *Brown v. Petrolite Corp.*, 965 F.2d 38, 51 (5th Cir. 1992) (reversing lower court's denial of post-judgment

5

interest on exemplary damages because "the plain language of the statute authorizes post-judgment interest on punitive damages, which are a part of the 'money judgment'" and such an award "is consistent with the purpose of post-judgment interest—compensation to a successful plaintiff for the intervening time between entitlement to and actual payment of an award of damages") (emphasis added). And "it is well-established … that post-judgment interest also applies to the prejudgment interest component of a district court's monetary judgment." *Air Separation*, 45 F.3d at 290-91; *see also Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986) ("28 U.S.C. § 1961 ... provides for post-judgment interest and ... that interest should be calculated on the amount of the district court's judgment—that is $4,272,864.88 plus prejudgment interest"). Post-judgment interest also applies to the amount of any enhanced damages and any award of attorneys' fees. *Air Separation*, 45 F.3d 288, 290 *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir.1991) ("[W]e direct the district court to award post-judgment interest on the entire amount of the judgment, including damages, prejudgment interest, and attorney's fees.") Post-judgment interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield… for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Post-judgment interest is computed daily and compounded annually. *Id.* at § 1961(b).

Upon the Court's entry of judgment and the resolution of the parties' motions regarding prejudgment interest and attorneys' fees, EcoServices respectfully requests that the Court award post-judgment interest on the total money judgment at the statutory rate.

## IV. The Court Should Grant Statutory Costs

The prevailing party is entitled to statutory costs. *See Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*, No. 4:07-cv-01359, 2011 U.S. Dist. Lexis 99255 at *9 (N.D. Cal. Sept. 2, 2011) ("Because Fresenius is the sole prevailing party, it is entitled to recover its statutory costs from plaintiffs."). To date, EcoServices has

6

incurred costs in excess of $58,721.70. Accordingly, EcoServices respectfully requests that the Court deem EcoServices as the prevailing party and EcoServices will submit in accordance with Local Rule 54-2.1 a completed Form CV-59.

## V. Conclusion

For the foregoing reasons, EcoServices respectfully requests that the Court award EcoServices pre- and post-judgement interest, supplemental damages, and statutory costs.

Dated: July 25, 2018

Respectfully submitted,

By: /s/ Natasha E. Daughtrey
Ronald J. Pabis
*rpabis@goodwinlaw.com*
Stephen K. Shahida
*sshahida@goodwinlaw.com*
Patrick J McCarthy
*pmccarthy@goodwinlaw.com*
Myomi Tse Coad
*mcoad@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Natasha E. Daughtrey
*ndaughtrey@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Plaintiff:
ECOSERVICES, LLC

7

ACTIVE/96091065.5