**MAYER BROWN LLP**

Dale J. Giali (SBN 150382)
dgiali@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

Stephen E. Baskin (*pro hac vice*)
sbaskin@mayerbrown.com
Dara M. Kurlancheek (*pro hac vice*)
dkurlancheek@mayerbrown.com
Canek Acosta (SBN 301901)
cacosta@mayerbrown.com
1999 K Street, N.W.
Washington, DC 20006
Telephone:  (202) 263-3000
Facsimile:   (202) 263-3300

Gregory J. Apgar (*pro hac vice*)
gapgar@mayerbrown.com
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 506-2500
Facsimile:   (212) 262-1910

Attorneys for Defendant/Counter-Plaintiff
Certified Aviation Services, LLC

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| EcoServices, LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Certified Aviation Services, LLC,<br><br>　　　　　Defendant. | Case No. 5:16-cv-01824-RSWL-SP<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT INTEREST, POST-JUDGMENT INTEREST, SUPPLEMENTAL DAMAGES, AND STATUTORY COSTS**<br><br>Trial Date: June 26, 2018 |

Defendant Certified Aviation Services ("CAS") hereby opposes Plaintiff EcoServices, LLC's ("EcoServices") motion for prejudgment interest, post-judgment interest, supplemental damages, and statutory costs.

## I. EcoServices's Motion Is Premature

EcoServices's motion is premature because the relief EcoServices seeks is contingent on the amount of the final judgment. Not only has this Court yet to determine the validity of the asserted patents, but an appeal will likely follow this Court's resolution of post-trial motions. The Court should defer this motion until all other proceedings are resolved, when the amount of a final judgment, if any, is known.

Litigating these issues now, as EcoServices requests, will waste time and resources. For that reason, several courts have deferred resolution of these issues until after the conclusion of appeals, to "avoid potentially unnecessary expenditures of time and money in preparing such an accounting." *Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1118 (N.D. Cal. 2014), *aff'd*, 816 F.3d 788 (Fed. Cir. 2016), *vacated in part on reh'g en banc*, 839 F.3d 1034 (Fed. Cir. 2016), and *aff'd*, 839 F.3d 1034 (Fed. Cir. 2016) ("The Court thus finds it appropriate to delay the consideration of evidence of actual post-verdict sales and calculation of supplemental damages until after the completion of the appeal in this case."). *See also Intron, Inc. v. Benghiat*, No. Civ. 99-501 (JRT/FLN), 2003 WL 22037710, at *16 (D. Minn. Aug. 29, 2003)); *Eolas Techs., Inc. v. Microsoft Corp.*, No. 99 C 0626, 2004 WL 170334 at *8 (N.D. Ill. Jan. 15, 2004), *vacated in part on other grounds*, 399 F.3d 1325 (Fed. Cir. 2005).

The burden required here would be acute. Resolution of supplemental damages, for example, will likely require discovery regarding the timing of design-around efforts. EcoServices fails to identify a compelling reason in this case to burden the parties and the Court with repeated, piecemeal briefing on post-verdict sales. If the Court does not deny EcoServices's motion for supplemental damages

for the reasons below, it should defer any ruling on supplemental damages until after all appeals.

Additionally, it is premature to determine whether EcoServices is the prevailing party for purposes of statutory costs. Local Rule 54-1 provides that "[t]he 'prevailing party' entitled to costs shall be the party in whose favor judgment is rendered." (internal citation omitted). That determination cannot be made prior to the resolution of both of CAS's motions for judgment of invalidity.

EcoServices's requests for prejudgment interest, supplemental damages, and statutory costs are further opposed for the additional reasons discussed *infra*. However, beyond its prematurity, CAS does not otherwise oppose EcoServices's motion for post-judgment interest on a total money judgment at the rate set forth in 28 U.S.C. § 1961(a).

**II.     EcoServices's Request for Pre-judgment Interest at a Statutory Rate of 7% is Excessive under the Circumstances**

An award of prejudgment interest is not mandatory, and it is within the discretion of the court. *See General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 656 (1983). The rate of prejudgment interest is also left to the discretion of this Court. *Uniroyal, Inc. v. Rudkin–Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991). The purpose of prejudgment interest is "to compensate for the delay a patentee experiences in obtaining money he would have received sooner if no infringement had occurred." *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 23 (Fed. Cir. 1984), *aff'd*, 785 F.2d 1013 (Fed. Cir. 1986). Indeed, where a verdict award is sufficient, there is no requirement that this Court award prejudgment interest. *Conceptus, Inc. v. Hologic, Inc.*, No. C 09-02280 WHA, 2012 WL 44064, at *4 (N.D. Cal. Jan. 9, 2012) (denying prejudgment interest because "[t]he jury award was generous enough"). CAS submits that prejudgment interest should not be allowed for any damages attributable to the '860 Patent and, for the remainder, should be awarded only at an uncompounded T-Bill rate.

Because EcoServices delayed suit on the '860 Patent, it should not be entitled to any prejudgment interest for that patent. In *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc*, 246 F.3d 1336, 1361 (Fed. Cir. 2001), the Federal Circuit approved a district court's denial of prejudgment interest where, as "a litigation tactic," a party delayed a suit by two years in order to cause damages "to escalate." This Court has likewise denied an award of prejudgment interest in circumstances involving a four year delay which resulted an unjustified escalation of damages for the defendant. *See Kaneka Corp. v. SKC Kolon PI, Inc.*, 198 F. Supp. 3d 1089, 1124 (C.D. Cal. 2016). Here, EcoServices delayed assertion of the '860 Patent by nearly *six* years. *See* D.I. 1; 1-5 (Complaint filed in April 2016 whereas CAS announced it was using Cyclean in June 2010). It cannot now justifiably claim prejudgment interest after such an unreasonable delay that resulted in significant escalation of damages owed by CAS.

To the extent any prejudgment interest is appropriate in this case, the Treasury Bill ("T-Bill") rate is proper. That rate is routinely used by courts in patent cases to make a patent owner whole. *See, e.g., Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 829 (Fed. Cir. 1989). Courts award higher interest rates in limited circumstances where a patentee can demonstrate that it the T-Bill rate would *not* make it whole. When a plaintiff does not, for example, demonstrate that it "borrowed money at a higher rate, what that rate was, or that there was a causal connection between any borrowing and the loss of the use of the money awarded as a result of [the defendant's] infringement," a court properly awards the T-Bill rate. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997), remanded and *rev'd on other grounds,* 163 F.3d 1342 (Fed. Cir. 1998). Because EcoServices has made no such showing here, it should not be awarded a windfall rate of 7%.

Under similar circumstances, where there is no evidence of borrowing, several courts have found the T-Bill rate to be the appropriate measure of compensation. *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2016

- 3 -

WL 3880774, at *18 (N.D. Cal. July 18, 2016) (awarding T–Bill rate where there was no evidence that patent holder borrowed money during the infringement period at a higher rate), *aff'd in part, rev'd in part,* 879 F.3d 1299 (Fed. Cir. 2018); *Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*, Civ. A. No. H-03-2910, 2006 WL 3227315, at *6 (S.D. Tex. Nov. 6, 2006) (awarding T–Bill rate where patent holder presented no evidence that a higher rate was necessary for full compensation); *BIC Leisure Prods. Inc. v. Windsurfing Int'l Inc.*, 761 F. Supp. 1032, 1041 (S.D.N.Y.1991) (choosing the T–Bill rate because the patent holder "has not demonstrated that interest at a rate higher than the Treasury Bill rate is necessary to compensate it for the economic loss caused by [the] infringement"), *aff'd in part, rev'd in part*, 1 F.3d 1214 (Fed. Cir. 193).

Courts also use the T-Bill rate to be consistent with the award of any post-judgment interest. *See Mars, Inc. v. Coin Acceptors, Inc.*, 513 F. Supp. 2d 128, 137 (D.N.J. 2007); *Intex Plastics Sales Co. v. Hall*, No. C-85-2987-JPV, 1991 WL 270167, at *5 (N.D. Cal. July 10, 1991), *aff'd*, 960 F.2d 155 (Fed. Cir. 1992) (concluding that "the statutorily sanctioned [T–Bill] rate has a far more reasoned basis," and rejecting patent holder's speculative argument that he would have invested at a higher rate); *Nat'l Presto Indus., Inc. v. Black & Decker Inc.*, No. 89 C 8978, 1992 WL 125559, at *8 (N.D. Ill. May 27, 1992) (concluding, with respect to prejudgment interest, that patent holder would "be fully compensated by being given the interest rate it could have earned if it had the money to invest, the interest rate that is statutorily established for post-judgment interest: the Treasury Bill rate").

As such, without evidence to the contrary, the only reasonable measure to make EcoServices whole is the T-Bill rate. *See Laitram Corp.*, 115 F.3d at 955 (finding the T-Bill rate is appropriate where there is no evidence of "a causal connection between any borrowing and the loss of the use of the money awarded as a result of infringement"). As shown in Ex. A, the simple T-Bill rate would provide

EcoServices with $61,726. *See* Ex. A, Calculation of Interest Owed. In contrast, the California rate would grant EcoServices a windfall in excess of $573,000; an amount over 25% of the damages award by the jury. *Id.* Courts regularly decline such excessive awards without evidence to support a higher rate. S*ee, e.g*, *Cornell Univ. v. Hewlett-Packard Co.,* No. 01-CV-1974, 2009 WL 1405208, at *3 (N.D.N.Y. May 15, 2009) (Rader, J., by designation) (rejecting the higher prime rate in favor of the lower T-Bill rate). Moreover, "the determination whether to award simple or compound interest … is a matter largely within the discretion of the district court." *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 557 (Fed. Cir. 1984) (declining to rule that prejudgment interest must be compounded as a matter of law). EcoServices has similarly declined to provide any basis for which the Court should award a higher compound interest, nor should it, in view of EcoServices's unreasonable delay in asserting the '860 Patent.

 EcoServices appears to maintain that its allegations of litigation misconduct by CAS entitles it to the higher California statutory rate. Dkt. 274 at 4. CAS respond to those unfounded allegations in its opposition to EcoServices's motion for attorneys' fees, but they cannot support the basis of prejudgment interest. Indeed, it is axiomatic that the purpose of prejudgment interest is compensatory, not punitive. *E.g.*, *Oiness v. Walgreen Co*., 88 F.3d 1025, 1033 (Fed. Cir. 1996). Moreover, any undue passage of time is a byproduct of the inability of the parties to reach settlement, the pace of the federal courts, and shortcomings of EcoServices's own delays in litigation. Such complaints cannot justify awarding EcoServices a windfall in excess of fair compensation.

 CAS respectfully submits that prejudgment interest should not be allowed for any damages attributable to the '860 Patent and, for the remainder, be awarded at a simple T-Bill rate.

## III. The Evidentiary Record Cannot Support EcoServices's Request for Supplemental Damages

Because an award of supplemental damages is a form of equitable relief, EcoServices must prove that its damage remedy was inadequate. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391- 392 (2006); *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1313 n.13, 1314 (Fed. Cir. 2007) (noting a post-verdict royalty is an equitable remedy and is not to be awarded "as a matter of course" whenever a permanent injunction is not imposed). Thus, EcoServices bears the burden to prove the insufficiency of the jury's damages award and the need for further equitable relief in the form of supplemental damages (or a permanent injunction). Here, there is no evidence in the record from which the jury could have determined a reasonable royalty for any ongoing infringement of the '262 Patent. EcoServices's damages expert, Mr. Lettiere, did not "provide any opinion on how much a royalty to only the '262 Patent would be," Trial Tr. 6/28/2018 at 21:23-22:5, and explained that in his hypothetical negotiation, EcoServices would not charge any royalty for the '262 Patent, *id.* at 34:1-4. And the '860 Patent expired on May 31, 2016. *See* D.I. 209 at 4, Stipulated Fact No. 11.

In such a case, where there is no evidence to support any ongoing royalty rate for the '262 Patent alone, it is unconstitutional for the court to make such a determination where the jury could not. *Boston Scientific Corp. v. Johnson & Johnson*, 550 F. Supp. 2d 1102, 1122 (N.D. Cal. 2008) (holding that the Court could not award supplemental damages where there was no evidence for the jury to determine a reasonable royalty as to the asserted patent). Even though the jury did award damages, there is no record evidence of the amount that is attributable to the '262 Patent alone.

Unlike EcoServices suggests, "it is not just a matter of extrapolating damages from the jury's [] award because we do not know how the jury arrived at the [] damages figure." *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 81 F. Supp. 2d 1122,

1140 (D. Kan. 2000) (denying supplemental damages because it would be impossible for the court to determine whether any further damages would accurately correspond to the damages awarded by the jury in this case), *aff'd*, 15 F. App'x 799 (Fed. Cir. 2001). Indeed, such an award would be "arbitrary and speculative." *Id.*

Nonetheless, even if the Court finds the record ambiguous, the Court should deny EcoServices's motion because EcoServices failed to carry its burden to show that the jury's awards are inadequate. *See Presidio Components Inc. v. Am. Techn. Ceramics Corp.*, No. 08-CV-335-IEG, 2010 WL 3070370, at *2 n.1 (S.D. Cal. Aug. 5, 2010) (refusing to award supplemental damages that plaintiff could have offered - but did not - as "an improper invasion of the jury's province to determine actual damages and an inappropriate use of 35 U.S.C. § 284 to enhance inadequate compensatory damages"), *aff'd in part, vacated in part*, 702 F.3d 1351 (Fed. Cir. 2012) (citation omitted). As a result, CAS requests that EcoServices's motion for supplemental damages be denied in its entirety.

**IV. The Court Should Deny EcoServices's Request For Statutory Costs**

The Court has discretion to decline an award of statutory costs. *Ass'n of Mexican–American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*); *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (identifying exemplary reasons for denying fees and noting that these examples are "not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis") (internal quotation marks and citation omitted).

EcoServices should be denied statutory costs, at minimum, because of its baseless assertions of the '609 Patent against CAS's use of Cyclean and pre-suit willful infringement of the '860 Patent caused CAS to incur substantial, unnecessary expenses.

Despite clear indication that CAS's use of Cyclean has never involved any analysis of effluent water from an engine wash, including Mr. Kushnick's inspection of the Cyclean wash, EcoServices's maintained its claim of infringement based on the '609 Patent until the day before opening expert reports were due to be exchanged. *See* Dkt. 126-18. In anticipation of having to defend against that claim CAS spent significant resources on claim construction positions and its invalidity, and non-infringement, defenses for the '609 Patent.

Similarly, despite clear indication that CAS never had pre-suit notice of the '860 Patent, EcoServices maintained its claim of pre-suit willful infringement until the Court entered summary judgment against it. Dkt. 177. This likewise required CAS to expend significant resources.

A patent plaintiff should not be incentivized to assert shotgun claims, necessitate significant expense by a defendant, and then claim an entitlement to costs because it prevailed on a subset of surviving claims. In these circumstances, denying EcoServices costs is an appropriate recompense for the expense EcoServices caused CAS in responding to claims that were later withdrawn.

Further, the substantial public importance of the case, the closeness and difficulties of the issues in the case, chilling effect on future similar actions, and the economic disparity between EcoServices and CAS weighs against taxing costs. *See U.S. Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966) (finding that a district court did not abuse its discretion in ordering the parties to bear their own costs, because the case was "close and difficult"); *HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-cv-00882-PSG, 2014 WL 3706617, at *5-6 (N.D. Cal. Jul. 21, 2014); *Kalkowski v. Ronco, Inc.*, 424 F. Supp. 343, 354 (N.D. Ill. 1976) ("Where in a patent case there are claims and counterclaims with the case being a close and difficult one, it is not an abuse of discretion for the trial judge to require each party to pay its own costs.").

      The mixed results of the summary judgment and *Daubert* motions filed by CAS, the notable absence of any such motions by EcoServices, and still-pending motions for invalidity of the '262 and '860 Patents indicate that the issues in this case were close and difficult. Taxing costs in a close case improperly chills the assertion of legitimate defenses of non-infringement and patent invalidity against asserted patents, which serve the public good of freeing technology from an unwarranted monopoly. Finally, it is clear from the record that EcoServices is a company many times the size of CAS, further backed by technology giants Pratt & Whitney and VT Systems. Provided that EcoServices is deemed the prevailing party, CAS submits that all of these factors weigh against taxing costs and requests that the Court decline to award EcoServices's its requested costs.

## V. CONCLUSION

      For the foregoing reasons, Defendant CAS respectfully requests that the Court decline to award EcoServices its requested pre- and post-judgment interest, supplemental damages, and statutory costs.

Dated:     August 15, 2018     MAYER BROWN LLP

By: */s/ Stephen E. Baskin*
    Stephen E. Baskin

Dale J. Giali (SBN 150382)
Elizabeth M. Burnside (SBN 258184)
Stephen E. Baskin (*pro hac vice*)
Dara M. Kurlancheek (*pro hac vice*)
Gregory J. Apgar (*pro hac vice*)
Canek Acosta (SBN 301901)

*Attorneys for Defendant/Counter-Plaintiff*
*Certified Aviation Services, LLC*

**Certificate of Service**

I, Stephen E. Baskin, hereby certify that on August 15, 2018, I filed the within and foregoing Defendant's Opposition to Plaintiff's Motion for Pre-Judgment Interest, Post-Judgment Interest, Supplemental Damages, and Statutory Costs with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing:

Natasha E. Daughtrey
ndaughtrey@goodwinlaw.com
GOODWIN PROCTER LLP
601 South Figueroa Street, 41st Floor
Los Angeles, CA 90017
Telephone:  (213) 426-2500
Facsimile:   (213) 623-1673

Ronald J. Pabis
rpabis@goodwinlaw.com
Stephen K. Shahida
sshahida@goodwinlaw.com
Patrick J. McCarthy
pmccarthy@goodwinlaw.com
Myomi T. Coad
mcoad@goodwinlaw.com
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:   (202) 346-4444

*Attorneys for Plaintiff EcoServices, LLC*

Dated:      August 15, 2018            MAYER BROWN LLP

                                                    By: */s/ Stephen E. Baskin*
                                                          Stephen E. Baskin