Ronald J. Pabis (pro hac vice)
*rpabis@goodwinlaw.com*
Stephen K. Shahida (pro hac vice)
*sshahida@goodwinlaw.com*
Patrick J McCarthy (pro hac vice)
*pmccarthy@goodwinlaw.com*
Myomi Tse Coad (pro hac vice)
*mcoad@goodwinlaw.com*
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC  20001
Tel.: +1 202 346 4000
Fax.: +1 202 346 4444

Natasha E. Daughtrey (SBN 319975)
*ndaughtrey@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S Figueroa Street
41st Floor
Los Angeles, California  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Plaintiff
ECOSERVICES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| ECOSERVICES, LLC, | Case No. 5:16-cv-01824-RSWL-SPx |
| Plaintiff, | **NOTICE OF LODGING OF PARTIES' SUBMISSION PURSUANT TO THE COURT'S OCTOBER 26, 2018 ORDER** |
| v. | |
| CERTIFIED AVIATION SERVICES, LLC, | Judge:  Hon. Ronald Sing Wai Lew |
| Defendant. | |

Pursuant to the Court's October 26, 2018 Order, the parties have met and conferred to negotiate an on-going royalty rate. Although the parties have agreed that the on-going post-verdict royalty rate should be set at $400 per infringing wash, one substantive disagreement remains as to whether the on-going royalty rate post-verdict should be enhanced based on the jury's infringement verdict. The parties provide their respective positions, and each side includes their proposed form judgment, as alternative exhibits. The two exhibits are substantially identical, other than the disagreement regarding the on-going royalty post-judgment.

## I.    EcoServices' Position

CAS admittedly continues to perform Cyclean washes after a unanimous jury verdict of infringement. EcoServices submits that CAS's post-verdict actions constitute the sort of egregious willful infringement that necessitates enhancement of the on-going royalty rate imposed on post-verdict infringing washes.

When there is patent infringement, courts "may increase the damages up to three times the amount found or assessed." 35 U. S. C. §284. The determination of whether enhanced damages are appropriate is committed to the district court's discretion, and reviewable on appeal only for abuse of discretion. *Halo v. Pulse*, 579 U.S. __, 136 S. Ct. 1923, 1934 (2016). "Section 284 allows district courts to punish the full range of culpable behavior." *Id*. at 1933.

Here, once the jury rendered its unanimous verdict and found the patents valid and infringed, CAS became an adjudged infringer and the continued infringement is *per se* willful. "[T]he Court must consider the change in the legal relationship between the parties to avoid incentivizing defendants to fight each patent case to the bitter end because without consideration of the changed legal status, there is essentially no downside to losing." *Fractus, S.A. v. Samsung Elec. Co*., No. 6:09-CV-203, 2012 WL 2505741, at *45 (E.D. Tex. June 28, 2012). Absent a permanent injunction, the statutory "right to exclude others from using" a patented invention is

1    meaningless if the worst fate for a willful infringer is a license to practice the patents

2    at a negotiated royalty rate.

3         Accordingly, although the Court in its discretion can treble the negotiated $400

4    per wash royalty rate, EcoServices respectfully requests that the Court increase the

5    ongoing royalty rate from the $400 to $800 per wash based on the willful nature of

6    CAS's continuing infringement and the fact that CAS cannot, in light of the jury's

7    verdict, have a colorable non-infringement position.  *See, e.g.*, *Affinity Labs of Texas,*

8    *LLC v. BMW N. Am., LLC*, 783 F. Supp. 2d 891, 901-05 (E.D. Tex. Mar. 28, 2011)

9    (enhancing ongoing royalty based on willful nature of continued infringement);

10   *Fitness Anywhere LLC v. WOSS Enterprises LLC*, No. 14-cv-01725-BLF, at 7-10

11   (N.D. Cal. Nov. 20, 2018) (finding doubling damages for patent infringement

12   warranted where *inter alia* WOSS was unable to present any "colorable non-

13   infringement position at trial", WOSS requested relief already denied by the Court;

14   and WOSS continued to sell its products with no remedial action).

15        For the Court's convenience, Exhibit A is a draft judgment that reflects the

16   enhanced damages.

17   **II.     CAS's Position**

18        EcoServices argues that the jury's verdict, by itself, warrants enhancement. The

19   Court already rejected this argument in its October 26 Order, finding that "Plaintiff

20   has provided no evidence for the Court to determine whether an increased rate is

21   justified." D.I. 293 at 45. There are no new facts nor has EcoServices offered any new

22   expert testimony. *See id*. at 44 ("Indeed, the cases following *Paice*, of which Plaintiff

23   relies on, all considered substantially more evidence to determine an ongoing rate than

24   what Plaintiff has presented here."). Accordingly, the Court should again decline to

25   enhance the $400 ongoing rate.[1]

26

27   ───────────────────
     [1] As it has previously argued, CAS believes the '860 Patent's expiration compels a
28   significantly lower rate. But in light of the Court's ruling that the ongoing rate should
     not be less than $400, CAS has agreed to that rate for purposes of this judgment.

1    In determining an ongoing royalty, courts commonly use the jury's rate as a
2  starting point, and often leave it unchanged. *E.g.*, *Erfindergemeinschaft UroPep GbR*
3  *v. Eli Lilly & Co.*, No. 2:15-CV-1202, 2017 WL 3034655, at *7 (E.D. Tex. July 18,
4  2017). It is EcoServices's burden to show the propriety of any enhancement. *See, e.g.*,
5  *id.*; *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 16-c-6097, slip op. at 4 (N.D.
6  Ill. July 31, 2018).

7    The jury's finding of infringement itself is insufficient. Indeed, in assessing
8  damages, the jury was required to assume that the patents were valid and infringed by
9  CAS. *See* 6/27/18 Trial Tr. at 208:18-23 (testimony of Mr. Lettiere); D.I. 255 at 35
10  (Instruction No. 31). Accordingly, as the Court has already determined, the jury's
11  finding of infringement does not warrant an increased rate.[2]

12    Also, any claim that post-verdict washes would constitute willful infringement
13  does not justify enhancement. Significantly, the Federal Circuit has instructed that
14  post-verdict willfulness is ***irrelevant*** to the ongoing royalty analysis. *See Amado v.*
15  *Microsoft Corp.*, 517 F.3d 1353, 1361 (Fed. Cir. 2008) (vacating district court's post-
16  verdict enhancement because district court "centered its damages assessment on
17  willful infringement" and "willfulness, as such, is not the inquiry").

18    Even considering willfulness, enhancement is not appropriate. In *Halo Elecs.,*
19  *Inc. v. Pulse, Elecs., Inc.*, 136 S. Ct. 1923 (2016), the Supreme Court, overruling prior
20

21  [2] *See, e.g.*, *Cioffi v. Google, Inc.*, No. 2:13-cv-103, 2017 WL 4011143, at *4 (E.D.
   Tex. Sept. 12, 2017) ("Where it is clear that the jury's award was based upon an
22  assumption that the patent was infringed and valid, there is a 'strong reason for
   following the jury's lead' in determining the appropriate ongoing royalty rate."
23  (quoting *UroPep*, 2017 WL 3034655, at *7)); *see also UroPep*, 2017 WL 3034655,
   at *6 ("[I]t is logically inconsistent to argue that a calculation based upon assumptions
24  of infringement and validity would change when those assumptions are replaced by
   jury findings of the same facts." (quotations omitted)); *Chamberlain*, 16-c-6097, slip
25  op. at 6 ("[T]he Court is unwilling to award Chamberlain a royalty enhancement
   predicated only upon its victory at trial. This is especially so because the hypothetical
26  negotiation the Court must now envision mirrors the hypothetical negotiation the jury
   already considered."); *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C 10-
27  2590, 2014 WL 6068384, at *5 (N.D. Cal. Nov. 13, 2014) (rejecting argument for
   higher ongoing rate because the jury was instructed that a reasonable royalty analysis
28  assumes the patent is valid and infringed).

Federal Circuit precedent, set forth the standard for enhancing damages for willful infringement: "Awards of enhanced damages under the Patent Act . . . are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Id.* at 1932. And even in cases involving such "egregious" behavior, enhancement is left to the court's discretion—it is not automatic. *See id.* at 1933-34.

EcoServices did not assert that CAS willfully infringed the '262 Patent, and the '860 Patent is expired. There was thus no relevant finding of willfulness, and the Court denied injunctive relief. Granting EcoServices's request would therefore amount to adopting a bright-line rule that ongoing royalties should always be enhanced. There is no  such bright-line rule, and *Halo* actually directs district courts ***not*** to apply one. *See id*. at 1933 ("As with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount."); *see also UroPep*, 2017 WL 3034655, at *11 ("The Supreme Court [in *Halo*] has directed district courts to exercise their discretion to award enhanced damages for willfulness as a means of punishing 'egregious' conduct; the Court did not suggest adopting a bright-line rule punishing all instances of knowing infringement."). The cases EcoServices relied on in its initial briefing pre-date *Halo*, and all involved a defendant who was found to willfully infringe ***at trial*** or a plaintiff who presented evidence of changed circumstances beyond the jury's verdict.[3]

---

[3] *See, e.g.*, *Paice LLC v. Toyota Motor Corp.*, 609 F. Supp. 2d 620, 631 (E.D. Tex. 2009) (parties provided expert testimony and court held an evidentiary hearing); *Affinity Labs of Texas, LLC. V. BMW N. Am., LLC*, 783 F. Supp. 2d 891 (E.D. Tex. 2011) (court held hearing and conducted full analysis of the Federal Circuit's nine *Read* factors for enhancing damages); *Mondis Tech. Ltd. v. Chimei Innolux Corp.*, 822 F. Supp. 2d 639 (E.D. Tex. 2011) (court conducted full post-verdict *Georgia-Pacific* and *Read* analyses); *Joyal Prods., Inc. v. Johnson Elec. N. Am., Inc.*, No. 04-5172, 2009 WL 512156, at *1 (D.N.J. Feb. 27, 2009) (defendant consented to judgment of willful infringement before trial); *Creative Internet Adver. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 849 (E.D. Tex. 2009) (jury found willful infringement and parties provided expert opinions).

1        Based on the foregoing, an enhanced royalty is not appropriate. CAS

2  respectfully requests the Court adopt and enter its proposed judgment. *See* Ex. B.

1

2     Dated:  December 26, 2018              Respectfully submitted,

3
                                            By:*/s/ Natasha E. Daughtrey*
4                                                Ronald J. Pabis
                                                 *rpabis@goodwinlaw.com*
5                                                Stephen K. Shahida
                                                 *sshahida@goodwinlaw.com*
6                                                Patrick J McCarthy
                                                 *pmccarthy@goodwinlaw.com*
7
                                                 Myomi Tse Coad
8                                                *mcoad@goodwinlaw.com*
                                                 **GOODWIN PROCTER LLP**
9                                                901 New York Avenue NW
                                                 Washington, DC  20001
10                                               Tel.: +1 202 346 4000
                                                 Fax.: +1 202 346 4444
11
12

13                                               Natasha E. Daughtrey
                                                 *ndaughtrey@goodwinlaw.com*
14                                               **GOODWIN PROCTER LLP**
                                                 601 S Figueroa Street
15                                               41st Floor
                                                 Los Angeles, California  90017
16                                               Tel.: +1 213 426 2500
                                                 Fax.: +1 213 623 1673
17
18

19                                               Attorneys for Plaintiff:
                                                 ECOSERVICES, LLC
20

21

22

23

24

25

26

27

28

6

| | |
|---|---|
| 1 | Dated:  December 26, 2018 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Respectfully submitted,

By: */s/ Stephen E. Baskin (with permission)*
    Dale J. Giali (SBN 150382)
    *dgiali@mayerbrown.com*
    **MAYER BROWN LLP**
    350 South Grand Avenue, 25th Floor
    Los Angeles, CA 90071-1503
    Telephone: (213) 229-9500
    Facsimile: (213) 625-0248

    Stephen E. Baskin (pro hac vice)
    *sbaskin@mayerbrown.com*
    Dara M. Kurlancheek (pro hac vice)
    *dkurlancheek@mayerbrown.com*
    Canek Acosta (SBN 301901)
    *cacosta@mayerbrown.com*
    **MAYER BROWN LLP**
    1999 K Street, N.W.
    Washington, DC 20006
    Telephone: (202) 263-3000
    Facsimile: (202) 263-3300

    Gregory J. Apgar (pro hac vice)
    *gapgar@mayerbrown.com*
    **MAYER BROWN LLP**
    1221 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 506-2500
    Facsimile: (212) 262-1910

    Attorneys for Defendant/Counter-Plaintiff:
    CERTIFIED AVIATION
    SERVICES, LLC

1

## **<u>CERTIFICATE OF SERVICE</u>**

2        I, Natasha E. Daughtrey, an attorney, hereby certify that on December 26, 2018,

3  I caused a complete and accurate copy of the foregoing to be served via this Court's

4  ECM/ECF notification system, which will serve electronically to all participants in

5  the case.

6

7                          <u>/s/ Natasha E. Daughtrey</u>

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28